O. F. SOUTHWICK v. JOSEPH HERRING.[1]

January 23, 1901.

Nos. 12,399—(205).

## Compromise of Another Action—Evidence of Terms of Settlement.

Action on a promissory note, in which the defense was that the note was extinguished by the settlement and dismissal of a former action between the same parties. Held, that the trial court did not err in receiving oral evidence as to the settlement, nor in its instructions to the jury as to such settlement, and that the verdict to the effect that the note was so extinguished is sustained by the evidence.

Action in the district court for Faribault county on a promissory note. The case was tried before Cray, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

C. E. Southwick, Henry A. Morgan and Frank E. Putnam, for appellant.

Severance & Andrews, for respondent.

START, C. J.[2]

Action on a promissory note, dated November 1, 1876, for $110, with interest at the rate of twelve per cent. per annum, payable to the order of T. S. Fellows, and executed by the defendant. The complaint alleged the making of the note and its transfer to the plaintiff. The answer admitted the execution of the note, and alleged that it had been settled and extinguished by the settlement of a former action between the parties hereto. Verdict for the defendant, and the plaintiff appealed from an order denying his motion for judgment nothwithstanding the verdict, or for a new trial.

The evidence tends to establish these facts: The defendant on October 31, 1876, was the owner of a quarter section of land in the county of Faribault, and on that day conveyed it to the plaintiff upon the express trust that the latter should sell it, and out

---

[1] Reported in 84 N. W. 1013.          [2] LOVELY, J., took no part.

of the proceeds of the sale pay all taxes on the land, and a mortgage thereon, also a note due from the defendant to the plaintiff, and apply and pay the balance as directed by the defendant. But in case the land should not be sold, then the plaintiff was to cultivate or rent it, applying the net proceeds thereof as stated.

In 1895 the respondent, Herring, brought an action against the appellant, Southwick, for an accounting as to such trust. On the trial of his former action, appellant testified that he paid the note here in suit pursuant to the trust agreement, by direction of the respondent, and that he carried the amount so paid into his trust account, and claimed that such payment should be credited and allowed to him in the accounting in that action. The undisputed evidence shows that he did pay the note, and that it was indorsed as paid, but the respondent testified that he never directed appellant to pay the note. The trial court in that action found that respondent did not direct the payment of the note, and disallowed this item of appellant's account, with others, and held that there was due from respondent to appellant on the trust account the sum of $2,000 only, and that upon being paid that sum he reconveyed the land to respondent. Thereupon the appellant made a motion for a new trial. While this motion was pending and undecided by the trial court, and some years after the trial, and submission of the action, the parties settled the suit, and the respondent's attorney made a stipulation for its dismissal. The stipulation was signed only by such attorney, and, so far as here material, was in these words:

"In the above-entitled action it is hereby stipulated that said action, having been settled, is hereby dismissed, without costs or disbursements to either party; that any or all claims which plaintiff has or may have against the defendant for the use and occupation of the land described in the complaint in said action are included in the settlement of this action, and are hereby satisfied and dismissed; that the attorney's lien, notice of which has been served by plaintiff's attorney, for services rendered for plaintiff in said action, is included in the settlement of the same, and all claims for lien by plaintiff's attorney are hereby waived, satisfied and discharged."

On the trial of this action the respondent, over the appellant's

exception, gave in evidence certain letters of the appellant, and conversations between him and such attorney relating to the settlement of the former action. This evidence tended to show that the action was settled on the basis that the respondent should convey the land to the appellant, who should pay $1,700 in full settlement of the matters in controversy in the action, and, further, that the money was paid, the deed executed, and the stipulation for dismissal delivered, all as parts of one transaction. The respondent never paid the note, unless it was included in the issues of the former action, and extinguished by the settlement and dismissal of the action. The trial court submitted to the jury the question whether the note was settled, as claimed by the respondent, by the settlement and dismissal of the former action, and instructed them in this connection, in effect, that if they found that the appellant, under and in pursuance of the trust agreement, actually paid the note to the payee thereof, intending to charge it up to his trust account, and carried it into the settlement which was being had between the parties in that action, so as to adjust their controversy as to the amount due under the agreement, then the note was paid, settled, and adjusted, and the verdict should be for the respondent. The appellant's exceptions to this portion of the charge are, as stated in the record, in these words:

"Before the jury retired, the plaintiff excepted to that part of the charge of the court wherein the court instructed the jury as follows: 'I charge you that if, under and in pursuance of the contract, he paid that note, intending to have that included in that case, and carried it into that controversy, then that note was paid, settled, and adjusted.'

"And the plaintiff further excepted to all that part of the charge of the court which submits that question of settlement of the note in controversy to the jury."

1. The first contention of the appellant to be considered is that the trial court erred in receiving the evidence as to the basis of the settlement of the former action, for the reason that it tended "to vary, impeach, contradict, and add to the contract of dismissal and settlement."

If it appears on the face of the stipulation that it is manifestly

incomplete as an agreement settling the action, and was not intended by the parties to be a complete statement of the terms upon which the action was settled, the evidence was competent, otherwise not. Vaughan v. McCarthy, 63 Minn. 221, 65 N. W. 249; Hand v. Ryan D. Co., 63 Minn. 539, 65 N. W. 1081; Potter v. Easton, supra, page 247. Now, this writing clearly indicates on its face that the parties did not intend it as a complete contract, stating the terms of the settlement of the former action. It simply stipulates that the action is dismissed without costs or disbursements to either party, it having been settled; that is, the fact that the action had been settled was recited as a reason or consideration for the stipulation for dismissing the action on the terms stated. The other provisions of the stipulation do not purport to state the terms of the settlement, but state that certain matters arising, evidently, intervening the trial of the action and its dismissal, were included in the settlement. The evidence was competent, and the trial court did not err in receiving it. It in no manner tended to contradict anything in the stipulation. It simply tended to show that the note was not excluded from the settlement, and that all the claims made by appellant in the former action were satisfied by the conveyance of the land.

2. It is also urged that the court erred in submitting to the jury the question whether the note was included in the settlement of the action, and in giving the instruction complained of.

Waiving the question of the sufficiency of the exceptions to the charge raised by the respondent, we are of the opinion that no reversible error was committed by the court in the respects complained of. The contention of the appellant as to the instructions of the court seems to rest upon a fundamental error as to what was in dispute between the parties in the former action at the time it was settled. The evidence is practically conclusive that the question whether appellant should be allowed in the settlement of his trust account for the amount he paid to take up the note was directly involved and disputed in the former action, and that by its findings the trial court disallowed the amount so paid as a credit on the account. If judgment had been entered on the findings, and the judgment settled, it would follow that appellant

would be entitled to maintain this action on the note, for he would be subrogated to the rights of the payee. But no judgment was ever entered in the case, and the findings did not eliminate the note from the action. The appellant was dissatisfied with the findings and decision, and his motion for a new trial was pending; and the question as to the note, and whether he should have credit for the amount paid on it, were still involved in the action and still in dispute when the settlement was made. It is clear that the record does not sustain the claim of appellant's counsel, as stated in the brief, to the effect that the note in question had been wholly excluded from the former action, and that it was determined and decided that it was not a claim against the land, or a part of the trust fund involved, and thereby became an outside matter, so far as that action was concerned. This gives to the findings of the court the effect of a final judgment, and is, as already suggested, untenable.

Such being the status of the former action, and such the issues and claims made therein at the time the action was settled, it follows that the trial court rightly instructed the jury. The only doubt we have on this proposition is whether the court ought not, upon the evidence, to have instructed the jury that by the settlement of the former action the respondent's liability on the note was extinguished. However, if the court did err in this respect, the appellant cannot complain.

3. The last contention of appellant meriting special consideration is that the verdict is not sustained by the evidence. We hold that it is. There is no claim made that the issue as to the note was excluded from the settlement of the action, and the evidence is ample, if not conclusive, that the appellant's claim to add to his account the amount paid for the note was involved and in dispute in the action at the time it was settled, and was not excepted therefrom. If this be so, it necessarily follows that the appellant's claim based upon the note was thereby extinguished.

Order affirmed.