JULIUS KESSLER & COMPANY v. S. PARELIUS and Another.[1]

February 26, 1909.

Nos. 15,966—(218).

**Promissory Note—Parol Evidence.**

In an action to recover on a promissory note, parol evidence was admissible to show that the parties had previously made an oral agreement for the purchase of a commodity in pursuance of which the note was given, that under such agreement the payee of the note was to make its maker a certain loan, and that the loan had not been in fact made. Wheaton Roller-Mill Co. v. Noye Mnfg. Co., 66 Minn. 156, followed and applied.

**Rescission of Contract.**

A substantial failure of consideration of a contract may justify its rescission.

[1] Reported in 119 N. W. 1069.

**Assignments of Error.**

> Various assignments of error considered, and *held* to be without substantial merit.

Action in the municipal court of Minneapolis to recover $47.72 upon a promissory note and $42.40 paid to the government for defendants' use and benefit. The answer alleged defendant Melgord in behalf of defendants applied to plaintiff corporation for a loan and plaintiff stated it would make the loan if defendants would buy of it ten barrels of whiskey stored in bond. That on a subsequent day plaintiff by its agent stated to defendant Parelius that his codefendant and partner Melgord had agreed to buy of plaintiff ten barrels of whiskey and execute notes therefor and in consideration of that plaintiff would make the loan of $500. That thereupon Parelius executed six notes each of the amount stated above. The defendants alleged that upon discovery of the fraudulent representations they rescinded the agreement and tendered back the warehouse bond for the whiskey. The case was tried before Waite, J., and a jury which returned a verdict in favor of defendants. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*John M. Rees*, for appellant.

*Welch, Hayne & Hubachek*, for respondents.

JAGGARD, J.

This is an action on a promissory note and for moneys paid for the use and benefit of the defendants. The note was given for certificates to certain whiskey in a government bonded warehouse, which were delivered to the purchaser as a part of the transaction for which the note was given. The money advanced was for the government tax on a part of the whiskey, which was afterwards withdrawn from bond. Plaintiff rested its case upon the written contract, the note. The defendants, over plaintiff's objection, gave oral testimony as to what they claimed was the oral contract entered into at the time the note was given, to the effect that the plaintiff, through its agent, one Dowdall, had agreed, in addition to the contract to sell the whiskey, to loan the defendants $500 as a part consideration for the note, and that on the following day plaintiff refused to make the loan. The defendants claimed that for this reason they had a right to rescind, and that they

107 M.—15

had in fact rescinded, the contract, including the note. The jury found for the defendants. This appeal was taken from the order denying plaintiff's motion for a new trial.

1. The first group of assignments of error are addressed to the proposition that the trial court committed reversible error in receiving parol testimony concerning the agreement to loan, because it disputed or added to the terms of the written contract. There is no merit in these assignments.

In Wheaton Rolling-Mill Co. v. John T. Noye Mnfg. Co., 66 Minn. 156, 68 N. W. 854, it was held, per Mitchell, J., that "where, in the absence of fraud, accident, or mistake, the parties have deliberately put their contract into writing, which is complete in itself and couched in such language as imports a complete legal obligation, parol evidence is inadmissible to introduce into the contract a term which is not contained in the writing. The only criterion of its completeness or incompleteness is the writing itself. It cannot be proved to be incomplete by going outside of the writing, and proving that there was an oral stipulation entered into not contained in the written agreement. But, while the writing itself is the only criterion, it is not necessary that its incompleteness should appear on its face from mere inspection. It is to be construed, as in any other case, in the light of its subject-matter, and the circumstances in which, and the purposes for which, it was executed, which evidence is always admissible in the construction of written contracts, in order to put the court in the position of the parties." And see Potter v. Easton, 82 Minn. 247, 84 N. W. 1011; Southwick v. Herring, 82 Minn. 302, 84 N. W. 1013.

In the case at bar no writing purporting on its face to contain the whole agreement appears in the record. The parol testimony admitted did not tend to contradict, dispute, or add to, or in any way affect, any term of the writing. It tended to show the situation of the parties when the note was executed, and the separate agreements then made, and that the agreement was a substantial part of the consideration of the note. Parol evidence is always admissible to show the actual consideration of a contract.

2. Plaintiff also urges that, in absence of fraud or mistake, partial failure of consideration is not sufficient ground for rescission, and refers us to 24 Am. & Eng. Enc. (2d Ed.) 644, 645. The citation

does not support plaintiff's proposition, but expressly sets forth that a total or substantial failure of consideration justifies rescission. That the jury was justified in finding that there was a substantial failure of consideration here is obvious.

3. Plaintiff appeals to the familiar rule that one who seeks to bind another by the acts of an agent must affirmatively prove the agent's authority, and that the agent's own statement on the subject is not sufficient. Here, however, there was sufficient evidence, apart from the agent's own statement, to sustain the verdict.

4. Further, plaintiff contends that, no damages or prejudice being shown, defendants were not entitled to rescind the contract. This point is without merit. The agreement to make the loan might properly have been found to have been a substantive part of the contract which the jury determined to have been made. If the jury so found, and also found for the defendant on other points, defendant was entitled to recover. Loveland v. Steenerson, 99 Minn. 14, 108 N. W. 831.

5. Finally, plaintiff urges error in the admission of evidence of a conversation prior to the date of the alleged oral agreement. No reversible error appears. It has been held that parol evidence was admissible to show what the real agreement was. It was, therefore, competent corroboration to show the negotiation immediately preceding it.

These are all the questions raised in plaintiff's original brief. At one place it is true there is a contention that the title to the whiskey passed to defendants by delivery of the certificates and acceptance of the notes. Defendants' brief, which must have been prepared without having read plaintiff's brief, argues that the rescission was complete. Plaintiff filed a reply brief, in which he urged that the contract was executed fully and completely, and could not be rescinded except for fraud, which was not in issue in the case, because title had passed to the defendants. Such a record does not properly present the question for our consideration. The issue of rescission was, however, fully submitted to the jury by the trial court, under instructions to which no exceptions were taken, and which are in themselves proper and conclusive on the subject. Corse v. Minnesota Grain Co., 94 Minn. 331, 102 N. W. 728. No error in this connection appears.

Affirmed.