MARY RINES v. WILLIAM H. FERRELL.[1]

March 5, 1909.

Nos. 15,920—(231).

**Parol Evidence of Matters Not Included in Writing.**

Action by the executrix of the will of a deceased partner against the surviving partner for an accounting as to the partnership property. Defense, that all the assets of the firm were sold to the defendant in the lifetime of the deceased partner. Judgment for the defendant. *Held,* a written agreement, given in part performance of an oral one, which included the subject-matter of the written one and other matters not intended to be embraced in the written one, will not exclude parol evidence of the oral agreement in respect to such other matters.

**Findings Sustained by the Evidence.**

The findings of fact upon which the judgment is based are sustained by the evidence, and the trial court did not err in admitting parol evi-

[1] Reported in 119 N. W. 1055.

dence tending to show a sale of assets other than those referred to in a written agreement.

Action in the district court for Mille Lacs county by the executrix of the last will and testament of Charles H. Rines, deceased, for an accounting of the affairs of the copartnership. The answer alleged that deceased had sold defendant all his interest in the copartnership and that it had been dissolved. The case was tried before Taylor, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Harris Richardson* and *Harold C. Kerr,* for appellant.

*E. L. McMillan,* for respondent.

START, C. J.

The defendant and Charles H. Rines, now deceased, were at one time partners in the potato business at Princeton, this state. The copartnership was dissolved August 17, 1904. Thereafter, and on January 9, 1907, Rines died testate, and the plaintiff was appointed executrix of his will. She brought this action as such executrix in the district court of the county of Mille Lacs against the defendant for an accounting as to the business and property of the copartnership.

The answer admitted the copartnership and its dissolution, but denied that after such dissolution Rines retained or had any interest in any of the property of the partnership. It further alleged that the partners orally agreed that in consideration of $17,000, to be secured and paid to Rines, and the assumption of the debts of the firm by the defendant, Rines would sell and deliver to him all of his interest in the business and property of the firm, and would procure a conveyance to the defendant from Mrs. Rines of certain lots upon which a warehouse stood which was used in the business of the firm; that the legal title to the lots should remain in Mrs. Rines, and the legal title to an undivided half of the warehouses owned by the firm should remain in Rines as security for the payment of the $17,000; that contracts should be executed for the conveyance of the lots and the undivided half of the warehouses to the defendant upon the payment by him of the $17,000 according to the terms of the promissory notes to be given as evidence thereof; that upon the execution and delivery of the notes and contracts the partnership should be dissolved, and

that all the title and interest of Rines in and to the partnership assets should vest in the defendant, except ten cords of wood, which was to be the property of Rines, and except as held for security for the payment of such consideration; and, further, that such oral contract was fully executed and performed by the parties thereto.

The reply denied the allegations of the answer as to a sale by Rines of his interest in the firm property other than the warehouses.

The cause was tried by the court without a jury, and findings of fact and conclusions of law made to the effect that the plaintiff was not entitled to an accounting, that the allegations of the answer were true, and that judgment be entered for the defendant. Judgment was entered accordingly, from which the plaintiff appealed.

The findings of fact are to the effect that the entire interest of Rines in the property of the copartnership, except as stated, was sold by him to the defendant. If such finding is sustained by the evidence, it follows that the conclusion of law of the trial court and the judgment entered pursuant thereto are correct. The assignments of error are to the effect that such finding of fact is not supported by any competent evidence; hence the conclusion of law was wrong, and the defendant is entitled to an accounting. If the evidence received by the trial court was competent, it is sufficient to sustain the finding.

This brings us to the pivotal question in the case: Was the evidence competent? The claim of the plaintiff is, briefly stated, that the partners entered into a written contract whereby Rines sold his interest in the warehouses, and perhaps his interest, $7,000, in the cash claim of the firm—that is, as we understand, its bank account, and nothing more —and, further, that the written contract was clear and complete on its face; hence parol evidence tending to show that Rines' interest in the other assets of the firm was sold to the defendant was incompetent.

The assets of the firm, other than the warehouses and cash, consisted mainly of accounts and bills receivable, claims, absolute and contingent, against railroads for rebates and shortages, wood and coal, office furniture, fixtures, and supplies. There were at the same time claims, absolute and contingent, against the firm, which the defendant agreed to pay. The written contract relied upon consists of Exhibits A and B, attached to the answer, and a memorandum, designated in

the record as "Exhibit 12," which is in the words and figures following:

| | | |
|---|---:|---:|
| Princeton warehouse | 5,000 | 5,000 |
| Cambridge | 30,000 | 1,500 |
| Braham | 1,000 | 500 |
| No. Branch | 1,000 | 500 |
| Isanti | 10,000 | |
| Cash Claim | 7,000 | 7,000 |
| Forreston | 500 | 250 |
| | | 15,250 |

Ferrell to pay me $17,000 for my one-half interest therein, to pay all claims of firm of C. H. Rines & Co., and collect all accounts due them.

W. H. Ferrell.<br>C. H. Rines.

It was signed by the parties on the same day, but before the other writings referred to were executed. The partners then went to an attorney's office and there executed the writings; but Exhibit 12 was not shown or furnished to the attorney. Exhibit A is simply an executory contract, signed by the partners and Mrs. Rines, to convey the lots owned by her on which the Princeton warehouse stood to the defendant if he first made the payments and performed the covenants therein mentioned. The defendant on his part thereby agreed to pay Rines and his wife $17,000 in instalments as therein specified. In Exhibit B, Rines and wife were named as parties of the first part and the defendant the party of the second part. He thereby agreed to pay to the parties of the first part $17,000 in instalments, and they agreed in consideration thereof to sell and convey to him the entire interest in the Princeton warehouse and the one undivided one-half interest in the other warehouses. This last-named writing recited that a contract (Exhibit A) had been executed by the parties, covering the property in Princeton, which should be "accepted as accompanying this contract and construed with it." There was not a word in either contract relating to the partnership, its dissolution, or its other property.

It is quite apparent on the face of these exhibits that they do not purport to express any agreement as to any property of the firm other than

the warehouses, and, taken in connection with the other evidence in the case, it is clear that their only purpose was to provide for the transfer of the lots belonging to Mrs. Rines, and an undivided one-half interest in the other warehouses, and to secure the payment of the $17,-000. If, then, the defendant had offered parol evidence to show that it was intended that the writings should pass title to the other assets of the firm, the rule that parol evidence is inadmissible to vary the terms of a written instrument would apply in all its vigor.

Such, however, is not this case, which is one where a written agreement was given in part performance of an oral one, which included, not only the subject-matter of the written agreement, but other matter not intended to be embraced therein—namely, the assets of the co-partnership other than the warehouses. The effect of the parol evidence was to show that the other assets of the firm were sold by an oral contract to the defendant, as well as the warehouses, in consideration of his promise to secure and pay $17,000 for the whole thereof and to assume the liabilities of the partnership, and, further, that the writings were executed in part performance of the oral contract. It follows that the parol evidence was properly admitted; for it was within the rule that a written agreement given in part performance of an oral one, which includes the subject-matter of the written one and other matters not intended to be embraced in the written one, does not exclude evidence as to the oral agreement in respect to such other matters. Healy v. Young, 21 Minn. 389.

The case cited was an action to recover rent upon a written lease of a newspaper plant. One of the defenses was that after the execution of the lease the defendant purchased the plant and paid $1,500 therefor, and, further, that in consideration of such purchase and payment the plaintiff released all claims growing out of the lease. The sale and purchase of the plant were evidenced by a written instrument in the form of a bill of sale, whereby the plaintiff, in consideration of $1,500 paid and secured by defendant, sold to him the newspaper plant, "including all material and all sums due said newspaper; [the purchaser] to pay all debts" of the plant. Parol evidence was received of the alleged agreement to release the claim for rent in consideration of such purchase. It was urged, on appeal to this court, as here, that the parol evidence was incompetent, because the parties had deliberately·

reduced their agreement to writing, and the reception of the evidence was an attempt to vary the terms thereof. This court held that the evidence was admissible, for the reason that it did not tend to vary or contradict the terms of the bill of sale, as the evidence referred to was a different subject-matter than that covered by the bill of sale.

In principle there is a striking analogy between that case and the one here under consideration. If Exhibit 12 was merged in Exhibits A and B, as plaintiff seems to claim, the parol evidence, nevertheless, was competent, and correctly received, for the reasons stated. If, however, Exhibit 12 was not affected by the subsequent writings, the same conclusion follows as to the admissibility of the parol evidence, for the reasons already stated, and, further, that Exhibit 12 does not purport on its face to be a completed contract. It is significant that the aggregate purchase price of the interest of Rines and his wife in the warehouses referred to in Exhibit 12 and cash claim, as itemized therein, was only $15,250, or $1,750 less than the $17,000 the defendant agreed to pay, besides assuming the liabilities. We hold that the evidence of the oral contract as to the assets of the firm, other than the terms of the memorandum, was properly received. Beyerstedt v. Winona Mill Co., 49 Minn. 1, 51 N. W. 619; Potter v. Easton, 82 Minn. 247, 84 N. W. 1011.

Judgment affirmed.