## OSCAR KARBACH v. ARCHIBALD F. GRANT.[1]

December 3, 1915.

Nos. 19,485—(141).

**Rescission of contract.**

1. The failure of a party to an executory contract to perform the same in some substantial respect, vests in the other party the right to rescind the contract and to recover what he parted with on the strength of the contract, at the same time returning what he received.

**Same — evidence.**

2. Evidence *held* not to show a waiver of this right by plaintiff, or that he affirmed the contract after knowledge of the breach thereof by defendant.

**Findings sustained by evidence.**

3. The evidence supports the findings.

Action in the district court for Hennepin county to recover $1,700. The facts are stated in the opinion. The case was tried before Steele, J., who made findings and ordered judgment in favor of plaintiff for $1,-250. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Philip J. Riordan* and *Charles J. Tryon,* for appellant.

*Selover, Schultz & Selover,* for respondent.

BROWN, C. J.

Defendant held a lease of certain real property, upon which was located an apartment building, extending for the term of 10 years from March 20, 1913. The contract was entered into with the owner of the property, and contained a clause prohibiting subletting thereof by defendant with-

[1]Reported in 154 N. W. 1071.

————————————————————————————————————

·Note—As to rescission of contract because of default or inability of other party to perform, see note in 30 L.R.A. 33.

out the consent of the lessor. After acquiring the lease defendant installed in the building furniture and fixtures of the value of $4,500. The furniture was purchased from dealers upon the instalment plan, and defendant had paid upon the purchase price the sum of $450. In August, 1913, defendant entered into a contract with plaintiff by which he agreed to assign and transfer to plaintiff the lease of said property, to procure the consent of the lessor thereto, and to transfer also to plaintiff all his rights under the contract for the purchase of the furniture, including the credit thereon of $450; in consideration of which plaintiff agreed to pay defendant the sum of $3,000. Of this amount plaintiff paid the sum of $1,700, and agreed to pay the balance thereof on October 1, 1913. Thereafter defendant caused the payment of $450 on the furniture to be credited to plaintiff, and plaintiff was to continue the payments under the contract.

Plaintiff was also at this time given the possession of the leased premises. Defendant wholly failed to assign the lease to plaintiff and failed and neglected to procure the consent of the lessor to any such assignment, and plaintiff was unable to procure a lease of the premises from the lessor, and his possession thereof was without legal right. By the contract defendant also agreed to pay the rent for the month of September, 1913; this he failed to do and the lease was canceled and terminated. By reason of the failure of defendant to fulfil his part of the contract, plaintiff rescinded the same and brought this action to recover the payment of $1,700. The trial court found the facts substantially as stated and ordered judgment for plaintiff for the sum of $1,700, less the credit of $450 on the furniture contract, which was transferred to him at the time the contract was entered into. Defendant thereafter moved for amended and additional findings of fact and for a new trial, and from an order denying the same defendant appealed.

On the facts stated, which are fully sustained by the evidence, plaintiff clearly was entitled to recover. The contract was executory; that is, it was not completed on the part of defendant; he was to assign the lease, and procure the assent thereto of the lessor. This he failed and neglected to do, and his failure constituted a breach of a substantial part of the contract which entitled plaintiff to rescind. Robson v. Bohn, 22 Minn. 410; 6 R. C. L. 925. There was a total breach of the contract

by defendant, and there was no act of waiver or affirmance on plaintiff's part which in any way deprived defendant of the right to be restored to his former position. The lease of the building was the subject matter of the contract, and by defendant's failure to pay the rent thereunder due in September the lease became terminated, and thus by his own default defendant disabled himself from performing his agreement to assign the lease to plaintiff. The facts all fully appear from the evidence, and of the conclusion reached by the trial court defendant has no ground of complaint. Plaintiff is required by the judgment to restore all he received by the transaction, namely, the credit with the furniture dealer, and defendant is required to return the money paid him on the strength of his agreement to assign the lease, which he failed to do. Defendant loses nothing by the rescission because of any act on the part of plaintiff, or his failure to act.

Order affirmed.    ———————————