## THE STARING COMPANY v. HERBERT E. ROSSMAN.[1]

January 28, 1916.

Nos. 19,600—(237).

**Contract of sale — cancelation of deed given in part performance.**

1. Plaintiff gave a deed in part performance of a larger oral executory contract which the defendant failed to perform in a substantial part. Upon such failure the plaintiff was entitled to a rescission and to a cancelation of the deed.

**Same.**

2. Upon the cancelation of the deed a contract of sale, providing for the execution of the deed, is effective between the parties.

Action in the district court for Hennepin county to cancel a deed. The case was tried before Steele, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*C. H. Rossman,* for appellant.

*Roberts & Strong,* for respondent.

DIBELL, C.

Action to cancel a deed. Findings for the plaintiff. Defendant appeals from the order denying his motion for a new trial.

1. The facts found by the court upon disputed evidence are brief. On November 15, 1913, plaintiff sold defendant a lot in Minneapolis for $525 on small monthly payments. At the time this controversy arose there was due upon it $455. About the same time the plaintiff and defendant entered into this agreement: The defendant, who was a building contractor, was to erect a house upon the lot. The plaintiff was to advance him certain moneys from time to time and did advance him $450.

[1] Reported in 156 N. W. 120.

The plaintiff was to help the defendant negotiate a loan for as large an amount as possible. This was done and an agreement for a loan of $2,000 was obtained. The lender was ready to complete it. Out of the proceeds of the loan the plaintiff's advances of $450 were first to be paid and the plaintiff was then to take a second mortgage for the amount due on the contract of sale. In order to get the loan and to enable the defendant to execute an acceptable mortgage the plaintiff deeded the lot to the defendant. Upon closing the loan it was found that there were claims amounting to something like $1,900 for work done upon the house, which, with expenses, would exhaust the proceeds of the $2,000 mortgage. The plaintiff refused to go further, unless its $450 was paid out of the proceeds of the mortgage. The defendant would not have it so, claiming the agreement was otherwise. The mortgage was then abandoned. The plaintiff then brought this suit.

Upon the facts found the plaintiff is entitled to rescission and to a judgment for cancelation. The giving of the deed was a part of the larger oral executory agreement whereby the loan was to be secured and the $450 paid to the plaintiff and the second mortgage given. The defendant's breach was of a substantial part of the contract. Upon such breach the plaintiff was entitled to a recission. The controlling principle is settled. Karbach v. Grant, 131 Minn. 269, 154 N. W. 1071; J. Kessler & Co. v. Parelius, 107 Minn. 224, 119 N. W. 1069, 131 Am. St. 459; Loveland v. Steenerson, 99 Minn. 14, 108 N. W. 831.

2. Upon the cancelation of the deed the contract of sale will be effective between the parties. The judgment need not so determine. It is the legal effect.

Other points made do not require specific mention.

Order affirmed.