## THE INDEPENDENT HARVESTER COMPANY v. PAUL R. MALZOHN.[2]

### November 5, 1920.

### No. 21,934.

**Written contract may be explained by parol testimony when writing is given in part performance of oral contract.**

   1. The rule that proof of a contemporaneous oral agreement is not

[2]Reported in 179 N. W. 727.
[1][93 Minn. 442]
147 M.—10.

admissible to contradict or vary the terms of a written contract, does not apply where the contract itself is oral and the written instrument is given merely in part performance of it.

**Terms of contract not covered by the writing may be proved by parol.**
2. In such cases the rights of the parties rest on the oral contract, and, while the written agreement may not be disputed as to the matters covered by it, the other terms of the contract may be proven by parol.

**Principal and agent — unauthorized contract made by agent must be accepted or rejected in-toto.**
3. Where an agent makes an unauthorized contract, the principal must accept or reject it as a whole; he cannot enforce the provisions beneficial to himself and repudiate those beneficial to the other party.

**Rescission for nonperformance.**
4. Where one party to a contract refuses to perform the substantial part of the contract, the other party may rescind it.

Action in the district court for Wright county to recover $250 on a promissory note. The amended answer interposed a counterclaim for $100. The case was tried before Giddings, J., who at the close of the testimony denied plaintiff's motion for a directed verdict on the ground that defendant had failed to make out a defense, and denied defendant's motion for a directed verdict for the amount of $37. It was then stipulated in open court that the case be withdrawn from the jury and treated as a court case. The court thereafter made findings in favor of defendant. Plaintiff's motion for amended findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Joss, Ohman & Fryberger,* for appellant.
*H. C. West* and *Henry Spindler,* for respondent.

TAYLOR, C.

Plaintiff appeals from a judgment in favor of defendant rendered in an action on a promissory note.

Defendant admitted the execution of the note, but in substance alleged, and the court in substance found, that he had entered into an oral contract with plaintiff by which plaintiff agreed to employ him as its local agent at Buffalo, Minnesota, to sell its farm machinery and other

products, and agreed to furnish him a place of business and to supply him with its products for sale on commission; that, as a part of the consideration for this contract, he agreed to purchase two shares of the capital stock of plaintiff and gave the note in controversy therefor; that he removed from his former residence to Buffalo, for the purpose of entering upon his duties as such local agent and performing his part of the contract; that plaintiff sent him a certificate for the two shares of stock, but failed and refused to furnish him a place of business, and failed and refused to supply him with any of its products for sale, and that because of such failure and before the note became due he returned the certificate of stock to plaintiff.

At the time of making the contract defendant signed a printed form of subscription for the two shares of stock and executed the note in controversy for the purchase price of the stock. Neither instrument mentions the contract for employment. The subscription agreement, however, acknowledges "a consideration for this agreement," without anything more to indicate the nature of the consideration.

1. Plaintiff contends that the note and subscription agreement constitute a complete written contract, and that proof of the oral contract and of its nonperformance on plaintiff's part was not admissible to defeat recovery on the note. To support this contention plaintiff invokes the well-settled rule that proof of a contemporaneous oral agreement is not admissible to contradict or vary the terms of a written contract. But it is equally well settled that this rule does not apply where the contract itself is not reduced to writing, and the written instrument is given merely in part performance of such oral contract. Jordan v. White, 20 Minn. 77 (91); Healy v. Young, 21 Minn. 389; Gammon v. Ganfield, 42 Minn. 368, 44 N. W. 125; Germania Bank of Minneapolis v. Osborne, 81 Minn. 272, 83 N. W. 1084; Rines v. Ferrell, 107 Minn. 251, 119 N. W. 1055; French v. Yale, 124 Minn. 63, 144 N. W. 451; W. W. Kimball Co. v. Massey, 126 Minn. 461, 148 N. W. 307.

In such cases the rights of the parties are created by the oral contract, and, while the written agreement may not be disputed as to the matters covered by it, the other terms of the contract may be proven by parol. In the present case the parties entered into an oral contract in part performance of which defendant executed the note and subscription

agreement. The subscription agreement provided for the execution of the note, but did not purport to cover the entire transaction, for it acknowledged that there was a consideration for its execution the nature of which it did not disclose. The undertakings on the part of plaintiff constituted this consideration and defendant had the right to prove them. Julius Kessler & Co. v. Parelius, 107 Minn. 224, 119 N. W. 1069, 131 Am. St. 459.

2. Plaintiff also contends that its agents exceeded their authority in making the oral contract, and that it is not binding on plaintiff for that reason. If a principal elects to repudiate the contract of his agent as unauthorized, he must repudiate the whole of it, he cannot reject the provisions which he may deem burdensome and enforce the provisions which he may deem advantageous. Nye v. Swan, 49 Minn. 431, 52 N. W. 39; Albitz v. Minneapolis & Pac. Ry. Co. 40 Minn. 476, 42 N. W. 394; National Citizens Bank of Mankato v. Bowen, 109 Minn. 473, 124 N. W. 241; Gasser v. Great Northern Ins. Co. 145 Minn. 205, 176 N. W. 484. Plaintiff cannot claim the benefit of the agreement to purchase the stock, and at the same time refuse to give defendant the benefit of the agreement to employ him as its agent, which was a substantial part of the consideration for the agreement to purchase the stock. Plaintiff was required to take the contract as a whole or reject it as a whole.

3. Plaintiff further contends that returning the certificate did not reconvey the stock, that defendant is still the owner of the stock, and that his only remedy for plaintiff's breach of the contract is to assert a claim for damages. Plaintiff's refusal to perform the agreement to employ defendant as its local agent entitled defendant to rescind the contract. Karbach v. Grant, 131 Minn. 269, 154 N. W. 1071; Julius Kessler & Co. v. Parelius, 107 Minn. 224, 119 N. W. 1069, 131 Am. St. 459. He did nothing to waive performance by plaintiff, nor to affirm the contract after plaintiff had refused to perform. He asserted his right to rescind both in his answer and at the trial, and the findings and judgment of the court effected a rescission of the contract, and operated to annul the conveyance of the stock to defendant.

Judgment affirmed.