# CASES.

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA

## OTTO ENGEL v. GUST MAHLEN AND ANOTHER.[1]

July 14, 1922.

No. 22,912.

**Statutory notice of cancelation of contract of sale to person in possession void when mortgage tax on contract is unpaid.**

1. The vendors in an executory contract for the sale of land, under which the vendee is entitled to take or does take possession, cannot divest him of his equitable estate in the land or terminate his right to possession by serving the statutory notice of cancelation for default, without first paying the mortgage tax upon the unpaid balance of the purchase price as required by section 2301, G. S. 1913.

**Sale of land to third person amounted to rescission of contract by vendors.**

2. The sale and conveyance of the land by the vendors to a third person, after an ineffectual attempt to terminate the contract, amounted to a repudiation of the contract and entitled the vendee to treat it as rescinded and to maintain an action for the recovery of the money he had paid upon it. Such repudiation was not justified because the vendee had failed to make one of the stipulated payments due under the contract. It relieved him from tendering further performance on his part.

[1]Reported in 189 N. W. 422.

Action transfered to the district court for Pine county to rescind a contract and recover $1,090. The case was tried before Searles, J., who made findings and as conclusion of law ordered judgment in favor of plaintiff for $1,000. Defendants' motion for amended findings was granted in part, and their motion for judgment or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant Gust Mahlen appealed. Affirmed.

*Ottocar Sobotka* and *Zollman & Willwerscheid,* for appellant.

*Moonan & Moonan,* for respondent.

LEES, C.

On September 8, 1919, plaintiff entered into a contract with defendants for the purchase from them of a farm of 200 acres in Pine county. The price was $14,000; $1,000 was paid at the time of the execution of the contract, an additional payment of $3,000 was to be made March 1, 1920, and the final payment of $10,000 on March 1, 1924. The defendants were to furnish an abstract showing clear title and give possession of the land on March 1, 1920, and when the final payment was made they were to convey the land to the plaintiff by warranty deed. When the contract was executed a man named Ackerman was working the farm as the tenant of the defendants. Plaintiff employed him to plow the tilled land, which he did during the fall of 1919. In February, 1920, plaintiff, who lived in Waseca county, went to Pine county, accompanied by J. W. Clausen, from whom he expected to borrow the money to make the payment due on March 1. It was discovered that there were two mortgages against the land, one for $1,500 and the other for $4,000. Thereupon Clausen declined to advance the money plaintiff needed and he did not make the March first payment. On that day Ackerman quit and plaintiff obtained at least the constructive possession of the farm. On March 15 defendants served notice on plaintiff of the cancelation of the contract and termination of his rights thereunder on April 17 for his failure to make the March first payment. They had not recorded the contract and never paid the mortgage tax thereon. This action was brought to recover the $1,000 payment made when the contract was executed.

The case was tried by the court without a jury. The court found, among other things, that, after attempting to cancel the contract by the notice referred to, the defendants, in July, 1920, conveyed the land to another person for a consideration of $15,000, and held that the notice of cancelation had no legal operation because of the failure to pay the mortgage tax. Judgment was ordered in plaintiff's favor for $1,000, with interest from the date of the payment thereof. A motion for a new trial was denied, judgment was entered, and the defendants have appealed from the judgment.

Section 2301, G. S. 1913, provides that an executory contract for the sale of land, under which the vendee is entitled to or does take possession, is, for the purposes of the act taxing mortgages, a mortgage of the land for the unpaid balance of the purchase price. Section 2307, G. S. 1913, provides that no document, or any record thereof, shall be received in evidence in any court or have any validity as notice or otherwise, unless the tax imposed by section 2301 shall have been paid.

Plaintiff asserts that he took possession under the contract when he employed Ackerman to plow the land in the fall of 1919, and, if that be not so, at all events he came into possession on March 1, 1920, when Ackerman left the farm; that his rights have never been terminated because the attempt to cancel the contract was a nullity, and that when defendants subsequently sold and conveyed the land to a third person they voluntarily disabled themselves from performing their contract with him, and hence he is entitled to have the money he paid returned to him. The holding of the learned trial judge sustaining plaintiff in the position taken was correct.

Plaintiff took actual possession in the fall of 1919 when he had the land plowed. Of course such possession was subject to Ackerman's rights as lessee, but on March 1, 1920, these rights ceased and plaintiff acquired the unqualified right of possession. It was, therefore, the duty of the defendants to pay the mortgage tax, and until it was paid their right to enforce the contract was held in abeyance. The conclusion follows that the notice of cancelation did not divest or otherwise affect plaintiff's equitable estate or his right to possession. First State Bank of Boyd v. Hayden, 121 Minn.

45, 140 N. W. 132; Lassman v. Jacobson, 125 Minn. 218, 146 N. W. 350, 51 L. R. A. (N. S.) 465, Ann. Cas. 1915C, 774; Enkema v. McIntyre, 136 Minn. 293, 161 N. W. 587, 2 A. L. R. 411; Greenfield v. Taylor, 141 Minn. 399, 170 N. W. 345.

Citing Pioneer L. & L. Co. v. Cowden, 128 Minn. 307, 150 N. W. 903, defendants urge that the trial court erred in receiving evidence to show that the mortgage tax had not been paid because the contract is pleaded in the complaint and admitted by the answer, and hence it was not necessary to receive it in evidence. This is not to the point. The vital question was whether plaintiff's rights under the contract had been terminated. He had a right to show that they had not, because the tax had not been paid.

Defendants have transferred their title to the land to one who appears to have had no notice, actual or constructive, of plaintiff's rights. Such conveyance, coupled with their attempt to terminate his rights, amounted to an unqualified repudiation of the contract. Western Land Securities Co. v. Daniels-Jones Co. 113 Minn. 317, 129 N. W. 587. Although they have resold the land for more than plaintiff agreed to pay for it, they nevertheless seek to retain money he paid, claiming it on the theory that by the terms of the contract he forfeited the first payment when he failed to make the second. It would have been forfeited if a valid notice of cancelation had been given, but it was not forfeited merely because he failed to make the March first payment. Defendants were not justified on that account in repudiating the contract and conveying the land to another person. Grand Forks Lumber Co. v. McClure Logging Co. 103 Minn. 471, 115 N. W. 406. Their unqualified repudiation relieved plaintiff from tendering further performance on his part, Matteson v. U. S. & C. Land Co. 103 Minn. 407, 115 N. W. 195, and entitled him to pursue one of the remedies which the law gives when there has been an anticipatory breach of a contract. It is well settled that where one party repudiates the contract, the other party has an election to pursue one of three remedies: (1) To treat the contract as rescinded and avail himself of the remedies which may be based on a rescission; (2) to treat the contract as still binding and wait until the time arrives for its performance and then sue and recover

under the contract; (3) to treat the renunciation as an immediate breach and sue at once for any damages which he may have sustained. Alger -Fowler Co. v. Tracy, 98 Minn. 432, 107 N. W. 1124; Matteson v. U. S. Land Co. supra; Karbach v. Grant, 131 Minn. 269, 154 N. W. 1071; The Staring Co. v. Rossman, 132 Minn. 209, 156 N. W. 120; The Independent Harvester Co. v. Malzohn, 147 Minn. 145, 179 N. W. 727; Krebs Hop Co. v. Livesley, 59 Ore. 574, 114 Pac. 944, 118 Pac. 165, Ann. Cas. 1913C, 758; Mutual Loan Soc. v. Stowe, 15 Ala. App. 293, 73 South. 202; United Press Assn. v. National N. Assn. 237 Fed. 547, 150 C. C. A. 429; Note to Lake Shore & M. S. Ry. Co. v. Richards, 30 L. R. A. p. 50; 13 C. J. p. 653; 6 R. C. L. p. 1032.

Plaintiff chose to pursue the first remedy and was therefore entitled to recover back the money he had paid to defendants.

Judgment affirmed.