LOREN L. SCHULTZ v. MASON W. SPICER.[1]

January 12, 1923.

No. 23,271.

**Complaint sufficient to support rescission of contract on ground of fraud.**

    1. The complaint was sufficient as against an objection to the introduction of any evidence in support of its allegations, followed by a motion for judgment on the pleadings, and stated a cause of action for rescission based on fraud inducing plaintiff to assent to the man-

[1]Reported in 191 N. W. 423.

ner in which the stock of a corporation was issued and on defendant's failure to perform the contract for the organization of the corporation.

**Contract to form corporation with equal division of stock not performed.**
    2. A contract whereby the parties agreed to form a corporation and transfer certain property to it, dividing the capital stock equally, is not performed if defendant so placed the stock that he gained control of the corporation. Plaintiff might be entitled to a rescission on that ground or on the ground that he failed to comprehend the legal effect of the transaction, relying on defendant's integrity and superior knowledge of legal matters to protect his interests as defined in the contract.

Action in the district court for Kandiyohi county to recover $31,-904. When the case came on for trial before Daly, J., defendant's motion for judgment on the pleadings was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*T. O. Gilbert* and *O'Brien, Stone, Horn & Stringer,* for appellant.
*W. C. & W. F. Odell,* for respondent.

LEES, C.

Appeal from a judgment on the pleadings in favor of the defendant. A condensed statement of the material portions of the pleadings follows:

The complaint alleged that the parties were breeders of high grade Duroc Jersey swine. Plaintiff resided in Ohio and defendant in Minnesota. They became acquainted in the year 1919. Defendant proposed that plaintiff should come to Minnesota and become associated with him in stock farming at Spicer, where defandant had a large farm. He had gained plaintiff's confidence and led him to believe that he could better his circumstances by going into business with him. On January 2, 1920, the parties entered into a contract which, by its terms, obligated plaintiff to purchase a half interest in defendant's farm and personal property, and defendant to purchase a half interest in plaintiff's swine. The property was

then to be transferred to a corporation to be organized by the parties. The capital stock was to be $100,000, divided equally between them. Plaintiff was to take charge of the business and be secretary, treasurer and manager of the corporation. Each of the parties was to receive a salary of $200 a month. Pursuant to the contract, a South Dakota corporation was organized under the name of "Medayto Farms Inc.," but the capital stock was fixed at $200,000, divided into 2,000 shares, of which 999 were issued to each of the parties, one to S. S. Stephens of Pierre, South Dakota, and one to Charles Storing of Minneapolis. It was alleged that Stephens and Storing were defendant's nominees and that, by issuing certificates for the two shares to them, defendant kept the control of the corporation in his own hands, and that, although plaintitff was made secretary and treasurer, he was never permitted to exercise the powers of either office. In the month of February, 1920, plaintiff moved to the Spicer farm and was in charge of it until July 23 next following. He brought with him and transferred to the corporation swine valued at $17,665 and subsequently added $11,730 to his investment; $10,226 in property or money has since been returned to him, leaving his net investment at $19,169 at the time of the commencement of this action. On July 23 defendant wrongfully took plaintiff's stock certificates from him, canceled them, caused other certificates to be issued in their place to himself and his nominees, ousted plaintiff from office and did not thereafter permit him to have anything to do with the corporation or its property. It was alleged that these acts amounted in law to a rescission of the contract of January 2 in that defendant not only broke it himself, but also prevented further performance by plaintiff. It was alleged that plaintiff's execution of the contract was induced by fraud on the part of defendant; that he represented to plaintiff that he was an experienced lawyer as well as a farmer, and that as a lawyer he would look after the legal matters connected with their joint enterprise and "see that everything was O. K." The complaint concluded with a prayer for judgment for damages, which were laid at the amount plaintiff had invested after deducting the value of that which had been returned to him.

The answer admitted the contract and the organization of the corporation, and alleged that the articles of incorporation had been examined by plaintiff, his father, and his legal advisor and were satisfactory to them; that under the South Dakota law it was necessary to have at least one stockholder in that state to act as resident agent, and that Stephens was selected to hold one share of stock to comply with the law; that the articles provided for a board of four directors, and, to comply with them, Storing was chosen as the fourth director and one share of stock was issued to him to qualify him for the office, and that plaintiff made no objection to these arrangements. It was further alleged that plaintiff had been guilty of misconduct in discharging his duties as secretary and treasurer and was incompetent to manage the business of the corporation, and that on July 23 an accounting and settlement was had, resulting in his transfer to the defendant, for a valuable consideration, of all his stock in the corporation and his retirement from office. The reply admitted and explained some of the allegations of the answer and denied the others. The case was tried and submitted to a jury. The jury disagreed. A second jury was impaneled, and, after plaintiff's counsel had made his opening statement, defendant objected to the introduction of any evidence on the ground that the complaint did not state a cause of action. The record sets out an extended discussion in which the court and counsel on both sides participated. At its conclusion, counsel for plaintiff made the following statement:

The complaint does not state, and was not intended to state, a cause of action for damages, in the strict sense of that term, on account of fraud inducing the contract or on account of a breach of the contract.

It does attempt to state, and states only a cause of action which assumes a rescission by the plaintiff and the plaintiff's right to rescind the contract, because, in the first instance, of the alleged fraud inducing it, and because, in the second instance, of a breach by the defendant. Our only purpose is to recover, not damages, but the amount with which we parted on account of the contract.

A motion for judgment on the pleadings followed and was granted.

The mooted question on this appeal is whether the complaint states facts which would entitle plaintiff to a rescission of the contract of January 2. The contention, on the one hand, is that the contract was only partially executed and hence there may be a rescission for the alleged failure of the defendant to comply with its terms. On the other hand, the contention is that when the corporation was organized, the stock issued, and plaintiff made secretary and treasurer, there was complete performance by defendant, and hence the right to rescind is gone and plaintiff's only remedy is an action for damages for the wrong suffered, when, as he alleges, he was deprived of his stock and ousted from office.

This court has adopted the rule that the failure of one of the parties to complete the performance of his part of a contract may constitute a substantial breach entitling the other party to rescind. Karbach v. Grant, 131 Minn. 269, 154 N. W. 1071; The Staring Co. v. Rossman, 132 Minn. 209, 156 N. W. 120; The Independent Harv. Co. v. Malzohn, 147 Minn. 145, 179 N. W. 727. It has held that a repudiation of a contract by one of the parties entitles the other to treat the contract as rescinded and avail himself of the remedies which may be based on a rescission, Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422, and that, if the fraud of one party induced the other to enter into the contract, the latter may rescind by his own act and sue at law to recover what he parted with by reason of the fraud. I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728; Niebuhr v. Gage, 99 Minn. 149, 109 N. W. 884, 109 N. W. 1. In the case at bar, plaintiff takes the position that the facts alleged in the complaint entitle him to a rescission both for fraud and for failure to perform.

The control of the corporation was a matter of the highest importance. If all the stock had been divided equally between the parties, as the contract provided, and none had been issued to Stephens and Storing, defendant could not have ousted plaintiff from the management of the corporation. Fairly construed, the complaint charges the defendant with an intentional failure to perform the contract in this respect by so placing the stock that he would have control of the corporation. If such is the fact, plaintiff

may avail himself of the remedies based on a rescission, unless he assented to the change of program with knowledge of its legal effect. It is a fair inference from the facts pleaded that, unlike the defendant in Wilson v. Maryland, 152 Minn. 506, 189 N. W. 437, plaintiff failed to comprehend the situation created by the introduction of Stephens and Storing as stockholders and directors, and that, by reason of his confidence in defendant's integrity and superior knowledge of legal matters, he was led to believe that the terms of the contract were being carried out in spirit though not in form.

It is familiar law that upon an objection to the sufficiency of the complaint first made after the jury is impaneled and evidence is about to be taken, and upon a motion for judgment on the pleadings, every reasonable intendment will be indulged in favor of the sufficiency of the pleading. 2 Dunnell, Minn. Dig. §§ 7687, 7694. Viewing the complaint with this rule in mind, and in connection with the statement of plaintiff's counsel which preceded the motion for judgment, we hold that the objection to the introduction of evidence under the complaint was not well taken and that the motion for judgment on the pleadings should not have been granted. There should be a trial on the merits. In accordance with the position taken by plaintiff, as heretofore stated, the issue to be litigated will be limited to the cause of action for a rescission which the complaint sets forth.

The judgment is reversed and a new trial granted.

HOLT and DIBELL, JJ. (dissenting.)
We dissent.

The original agreement had been carried out, and plaintiff should be held to his action for damages.