# THEO. C. LOVELAND AND ANOTHER v. JOHN DOLS AND ANOTHER.[1]

November 30, 1923.

No. 23,566.

**Decision in favor of defendants sustained.**
>    Record examined and it is found to appear therefrom that the evidence is sufficient to sustain the findings of fact made by the trial court, and that the findings warrant the conclusions.

Action in the district court for Carver county to recover $373.80 upon 6 promissory notes. The case was tried before Tifft, J., who made findings and ordered judgment in favor of defendants. From an order denying their motion to amend the findings and conclusions or for a new trial, plaintiffs appealed. Affirmed.

*F. C. & H. A. Irwin,* for appellants.

*W. C. & W. F. Odell,* for respondents.

QUINN, J.

Action to recover upon 6 promissory notes for $62 each, executed by the defendants to the plaintiffs on December 10, 1918. The action was tried to the court, findings were made and judgment was ordered in favor of the defendants. This appeal is from an order denying plaintiffs' motion for amended findings or for a new trial.

The plaintiffs are a copartnership engaged in the manufacture and sale of phonographs, with their principal place of business in the state of Iowa. The defendants are partners engaged in the furniture business at Carver in this state. On December 10, 1918, the parties to this action entered into a contract by the terms of which the plaintiffs sold to the defendants 3 phonographs, styles A, B and C, and 12 disc records at the agreed price of $534, less a dealer's dis-

[1]Reported in 195 N. W. 918.

count of 30 per cent. In payment therefor the defendants executed the six notes here in suit, amounting in the aggregate to $372.

As a defense to the notes, it is alleged that, on December 21, 1918, the plaintiffs shipped to the defendants, the phonograph, style A; that defendants tried the machine at their place of business on a number of occasions and had it out to two prospective purchasers; that it would not run successfully on any of the trials given, and on February 13, being satisfied that the machine was defective and worthless, they returned it to the plaintiffs and, by letter, canceled the contract. The two other phonographs had not been shipped by the plaintiffs, but were shipped on February 21 and 22. When they arrived at Carver, the defendants refused to receive the same. Under the assignments of error, the only questions here for consideration are whether the evidence is sufficient to sustain the findings and whether the findings support the conclusions.

It is contended on behalf of appellants that, because the contract provides that the order cannot be countermanded, the respondents had no right to rescind, but were forced to an action for damages. Upon the other hand, it is contended on behalf of respondents that they did not countermand the order, but permitted appellants to perform their agreement and that the provision against countermanding did not deprive respondents of their legal remedies in the event of a breach of the contract. They also contend that there was a substantial failure of consideration which justified rescission under the rules announced in Julius Kessler & Co. v. Parelius, 107 Minn. 224, 119 N. W. 1069, 131 Am. St. 459.

The contentions of the respondents are borne out by the findings of the court, and the findings are supported by the evidence, as shown by the record. The respondents received the machine on December 22, 1918. They retained it until February 13, during which time it was given many trials. It failed to perform. The contract was still executory. The failure to perform worked a partial failure of the vendors to comply with the terms of this agreement. The failure went directly to the essence of the contract. The machine was to be placed upon respondents' floor for sale in competition with other like machines. It was of no sub-

stantial value unless it would perform. The appellants refused to touch the machine in the way of repair or adjustment unless respondents would pay transportation charges to their factory and return. Such was not what respondents had contracted for. The conduct of the vendors justified the finding that they had abandoned performance of the contract sufficient to warrant a rescission by the vendees. In rescinding, respondents were within their rights, under chapter 465, sections 69 and 15, pp. 771, 778, Laws 1917. The evidence is sufficient to sustain the findings and the findings warrant the conclusions.

Affirmed.