## KIRKWOOD v. SMITH, Adm'r.

JUSTICE OF THE PEACE. *Authorizing constable to sign warrant.* A justice of the peace cannot authorize a constable to fill up a warrant and sign his name in his absence. The signing of the warrant is an official act which cannot be done by power of attorney.

FROM HENRY.

Appeal from the Chancery Court at Paris.    John Somers, Ch.

T. C. FRYER and S. A. CHAMPION for complainant.

J. N. THOMASON for defendant.

FREEMAN, J., delivered the opinion of the court.

This bill is filed to enjoin a suit at law, and have the matter investigated in a court of chancery, after there had been several trials at law, and an appeal pending in this court.    The defendant, on the filing of this bill, moved the chancellor to compel the complainant to elect in which court he would proceed.

He elected to dismiss his appeal, and proceed with the case in the chancery court.

The case, on the facts is, that notes of the complainant, Kirkwood, were placed in the hands of one Baker, a constable, for collection. He went to see a justice of the peace with the purpose of getting a summons for defendant—met the magistrate back of his field—showed him the notes and told him he wanted a warrant. The magistrate said he had no blanks, nor pen or paper, and so could not issue one. He however told the constable to go on and fill one out and sign his name to it, and he would endorse what he did.

The statute of limitations barred the claim on the first day of January, 1873, or by that day. On that day the constable called to see Kirkwood at his house, showed him the notes, and told him he had them for collection. The constable asked him if he intended to plead the statute of limitations, when the complainant said he would consult a lawyer about it; and thereupon agreed to meet in Paris the first Monday in January, some days after, and decide upon the matter. They met and agreed to have the case tried before a justice in that town, and did so.

The constable then presented the warrant, dated 28th of December, and they went to trial on it, and the case went on under this warrant, the defendant insisting on the statute of limitations, and that no warrant of that date had been served on him before the first of January—nor any warrant mentioned then or shown to him.

The proof sustains his view of this question—not

only by his own testimony—but that of another person who was present. The constable was dead before taking the testimony in the chancery court.

.The warrant was not valid as filled up by the constable and signed by him, in the absence of the justice—not even in his office—but probably at the constable's home. It is an official act, which cannot be done by power of attorney. If done in his presence with his approval would be valid, but it would be going too far to say a verbal authority to sign his. name, in his absence, would be a proper exercise of a judicial function by these officers. By section 4145, a justice is prohibited himself from signing any leading process or attachment, unless written out at length, so as to be complete. This shows that public policy requires that there should be ៓personal action of the justice, and that certain requisites and care should accompany his act. In this case it is shown that before the trial probably, the constable called on the justice to know if he approved the signature, which . he did. If this could be effective, it was after the statute had completed the bar.

The party appeared before the magistrate, and if he had chosen to do so, might have waived the issuance of process, or assuming he had done so, it could not be under the facts, that he thereby is bound by the date which the officer has affixed to the warrant. He is not shown to have known this date, or even the existence of any warrant, till he saw it on the trial before the justice. To have waived his rights. he must have known the facts, that the warrant had.

been issued, and its date; without this, his agreement to try the case before the justice in Paris could not estop him from showing the facts. If he had known the facts, and then agreed to try the case on that warrant, he would have been bound by it, but it is very certain, we think, he would not have waived his right, if he had known the facts.

We must take the case as commenced, at most, when he agreed to try it before the justice, and then the statute had completed the bar. This being so, the complainant is entitled to relief, and the decree of the chancellor must be reversed with costs.