## YENTZER v. THAYER ET AL.

10   63
10  221
10   63
1a 306

1. The entry of default and judgment against a defendant before the return day of the summons, in the absence of himself or counsel, is a proceeding *coram non judice.* And the cause remains for trial as though such pretended default and judgment had not been taken.

2. Under the statute, if the plaintiff fails to appear before the justice at the hour named in the summons, his record must show either a continuance or dismissal. Being silent in this respect a total discontinuance must be presumed.

*Appeal from County Court, Summit County.*

SUIT was begun before a justice of the peace by plaintiffs upon the account in controversy. Summons issued

and was duly served. Prior to the hour named in the summons for her appearance, default and judgment were entered against defendant. On the succeeding day, plaintiffs caused a new summons to be issued by the same justice, and defendant was a second time sued, and duly served with process for the same asserted debt. On the return day of the second summons, defendant appeared, a trial of the cause was had upon the merits, and judgment again rendered against her. She then appealed from the latter judgment to the county court, where plaintiffs obtained the judgment from which the present appeal is taken. After the trial of the second cause before the justice, plaintiffs themselves attempted to take an appeal from the former judgment of the justice to the county court. There, at the first opportunity, they caused an order to be entered dismissing the first suit without prejudice. At the time this order was entered, the second suit was also pending in the county court upon defendant's appeal. The opinion sufficiently states all other essential facts.

Mr. A. D. BULLIS, for appellant.

Messrs. J. M. BREEZE, L. L. BREEZE and T. C. EARLEY, for appellees.

HELM, J. The evidence before us fully warranted the finding and judgment of the court below.

The remaining objection here urged by counsel rests upon the refusal of the county court to abate the action on the ground of a former suit pending. Defendant was entitled to be heard at the time specified in the first summons issued, and entering default and judgment against her before that time, in the absence of herself and counsel, was a proceeding as completely beyond the jurisdiction of the justice as though the process had never been served. The denial to her, in this way, of her right to appear, was, "in legal effect, the recall of the citation"

served upon her. The acts mentioned were wholly without warrant or authority; and the judgment of the justice, thus rendered, was void. "A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal." *Windsor v. McVeigh*, 93 U. S. 274; *Howard v. Clark*, 43 Mo. 344. This legal proposition was practically recognized by the justice himself when he made the following docket entry on the subject: "This judgment was rendered by mistake, and without legal notice, and hence is dismissed and set aside."

The cause remained for trial as though there had been no pretended default or trial or judgment. But as to what was done when 3 o'clock P. M., the hour named in the summons, arrived, we are not informed. The justice's transcript in evidence is silent on the subject. It shows no appearance by either plaintiff or defendant, or any reason for their absence, neither does it indicate that the cause was continued. We must therefore assume that the parties did not appear, and that nothing was done. The correctness of this assumption is demonstrated by subsequent proceedings. But when plaintiffs failed to appear at the time fixed in the summons, or to give sufficient reason for their non-appearance, it was the duty of the justice to dismiss the cause. Sec. 1941, Gen. St. And, under the circumstances above narrated, although the justice failed to obey this statute, a total discontinuance of the cause took place. Moore, Justice, §§ 492, 493, and cases cited. Therefore, when plaintiffs, on the succeeding day, brought the present action upon the same account, the first suit was not pending. There was no ground for plea in abatement, and had one been properly presented it must have been overruled.

The subsequent attempted appeal by plaintiffs themselves from a judgment that was void, and in a cause that

was out of court, amounted to nothing.   It could in no
way affect the foregoing conclusion.

The judgment of the county court is affirmed.

*Affirmed.*