[No. 7091.]

## WARE v. MOSHER.

1. JUSTICE OF THE PEACE—*Summons Subscribed by Clerk—* Under the statute (Rev. Stat. sec. 3721) a justice of the peace

cannot by a general deputation authorize his clerk to subscribe his name to all processes to be issued from his court; and a judgment by default upon mere service of such a paper is void—(321, 322).

2. JUDGMENT—*Void*—*Effect*—A judgment by default, rendered by a justice of the peace, without service upon defendant of valid process, may be questioned at any time, and in any form of proceeding, direct or collateral—(320).

3. MAXIMS—*Delegated Authority*—A bare authority to do an act cannot be delegated. Especially is this so where the exercise of the power involves discretion—(321).

4. PRINCIPAL AND AGENT—*Act Done by One in the Name of Another and in His Presence*—The clerk of a justice of the peace, sitting in the office of the justice, being requested by an attorney to subscribe a summons which the attorney had prepared, complied, susbcribing the name of the justice. The justice was present, but gave no express authority for the act, and so far as appeared, was unconscious of what occurred. *Held*, it was not to be said that the summons was so subscribed by the direction of the justice—(324).

*Error to Denver District Court.*—HON. CARLTON M. BLISS, Judge.

Mr. JOHN HIPP, for plaintiff in error.

Mr. RALPH E. STEVENS, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

Plaintiff in error, in a suit before a justice of the peace, recovered a judgment by default against defendant in error. Thereafter the latter prosecuted a suit against the former to enjoin the collection of such judgment, on the ground that it was void. The court, upon trial, so found, entered a decree accordingly, and enjoined the collection of the judgment. This suit is prosecuted to reverse that judgment.

The complaint, *inter alia*, alleges that defendant, in the suit before the justice of the peace, never personally

appeared, and that no process, writ or summons was ever signed by the justice of the peace, or issued in the cause, or served upon the defendant therein.

The proof shows that what purported to be a summons in the statutory form was served upon the defendant, within the time and manner prescribed by the statute. The name of the justice of the peace, however, appearing upon the summons was not written by that official, nor did he have any recollection whatever of the particular summons or suit. He testified that his name upon the summons was in the handwriting of a person to whom he referred as his clerk, and whom he had authorized generally to sign summonses, but did not particularly authorize the signing of the one in question.

To authorize a justice of the peace to render a judgment by default, it is essential, among other things, that valid process be served upon the defendant and returned in the mode prescribed by law. Without such service the justice of the peace has no jurisdiction of the person of the defendant, and a judgment rendered under such circumstances is void, and can be questioned at any time, in any proceeding, direct or collateral. The rule is elementary and is an essential safeguard to the administration of justice.—*Yentzer v. Thayer,* 10 Colo. 63, 65; *Wilson v. Hawthorne,* 14 Colo. 530, 533; *Rice v. Amer. Natl. Bank,* 3 Colo. App. 81; *Smith v. Morrill,* 12 Colo. App. 233; *Symes v. The People,* 17 Colo. App. 466.

A paper, though in form a summons, is not such, unless signed by the officer or person in whom the law has vested authority to issue such process.—*Russell et al v. Craig,* 10 Colo. App. 428.

As said in *Hanson v. Rowe,* 26 N. H. 327, 328, in considering process similar to the one here in question:

"The writ owes its validity to its having passed from the magistrate, by his own voluntary act, and on principles of common law, and by the clear meaning of the statute, this power of issuing, granting or signing a writ, is one which must be holden to be incapable of being delegated by the justice to any other person."

The power to issue a summons, writ, or process under the legislative act pertaining to justices of the peace, is vested exclusively in such magistrate. Sec. 3721, R. S. It is, therefore, an official act, and can not be delegated to another in the absence of express legislative authority. As a general rule, when one has a bare authority, or power, from another, to do an act, he must execute it himself, and can not delegate it to another. Story on Agency, section 13. This is especially true where the exercise of the power involves the exercise of any discretion. Except as otherwise provided in the act, every suit before such magistrate shall be commenced by summons, the form of which is prescribed, and requires the justice's signature thereto. He is likewise required to specify therein a certain place, day and hour, for the trial, not less than five nor more than fifteen days from the date of such summons, at which time and place the defendant is to appear, and the manner of service and return of the summons are particularly pointed out.

Moreover, like powers are vested in, and similar duties are required to be performed by, justices of the peace in the prosecution or investigation of certain criminal offenses. So, if the power to attach the magistrate's name to a summons could be delegated by general authority to another, such person could likewise be authorized to issue and authenticate warrants of arrest based upon complaints charging violations of the criminal law. The power cannot be safely thus extended. He that performs

an official act, that sets the force of the law in motion which may deprive a citizen of his personal liberty and impose upon him the privations and inconveniences incident to confinement in a public jail, must necessarily be commissioned. thereunto by the sovereign people, who alone possess and may confer such power. A justice of the peace could not, as an individual, issue and send forth either a summons, a warrant or other process. Before he could lawfully act in such respects, the sovereignty must have created the office, defined the powers thereof, and commissioned him to enter upon the discharge of its duties. The mandate of the people, expressed by legislative enactment, is to the effect that no one shall be called to the exercise of these important functions, unless possessing certain qualifications enumerated, and without performing them under the obligation of solemn oaths. Indeed, some such requirements are essential to the peace of society, the security of the citizen and the safety of the officer executing the writ or process.—*Hanson v. Rowe, supra; Kidder v. Prescott,* 24 N. H. 263; *Shepherd v. Lane,* 2 Dev. Rep. 148; *Kirkwood v. Smith,* 77 Tenn. 228.

We do not consider that *Loughren v. Bonniwell,* 125 Iowa 518, relied upon by plaintiff in error, supports her contention. The opinion holds, that under a statute requiring an "original notice" in justices' court to be subscribed by the plaintiff, his attorney, or the justice of the peace, that if the justice of the peace personally affixed his signature at the proper place on such notice by means of a facsimile stamp, it was sufficient upon collateral attack, though it might be irregular. The "original notice" under consideration in that case differed materially from a summons under our statute. The notice there was not a writ or process issuing out of court; whereas,

the summons required by our statute is, and constitutes the commencement of the suit. The court on page 520 of that opinion, says:

"There is no reason why an original notice, which in this state is not a writ or process issuing out of court, should be signed by the person authorized, in his own proper hand-writing. The instrument is nothing but a notice, which may be signed, not only by a justice, but by the party or his attorney, without the knowledge or consent of the justice, and in either event it is sufficient if properly subscribed."

And further in the same opinion, on page 521, in holding that if the justice signed the notice in blank and gave it to another to be filled out, which was done before it was served, that the notice was not invalid, it is said:

"If this notice were a summons, a writ, or a precept issued by the justice, we should be inclined to hold it insufficient to give the justice jurisdiction. But it is not."

*Achorn v. Matthews*, 38 Me. 173, also relied upon by plaintiff in error, does hold that a "justice's writ," though not signed personally by the magistrate, but by one duly authorized, is sufficient, and that a refusal to quash such a writ on motion, is the exercise of a discretion to which exceptions do not lie. The opinion does not disclose the nature of a "justice's writ," or the statute authorizing its issue. Moreover, in that case the justice of the peace certified that he "authorized the signature," and it is fairly presumable that such authorization was specific, and the act done in the presence of the justice. Such acts have been upheld upon the principle that an act done by one, in the presence and under the control of another, for that other, is regarded, not as the exercise of a delegated authority, but as the personal act of the

party in whose behalf it was performed.—*Hanson v. Rowe, supra; Kidder v. Prescott, supra.*

Without approving or disapproving those decisions, as applied to official acts of the character here under consideration, it is sufficient to say, that the facts of this case do not bring it within the rule there recognized. The attorney representing plaintiff in error, testified, that he, in the office of the justice of the peace, filled in the blank spaces in the printed form of summons; that the justice of the peace, the alleged "clerk," and the constable were then sitting behind the "counter;" that he handed the summons to "them" saying, "I want you to sign this;" that the "clerk" said, "All right," and took the summons and signed the name of the justice of the peace thereto. There is not the slightest evidence that the justice heard any of this conversation, or had any knowledge whatever of the nature of the instrument handed to the "clerk," or whose name the "clerk" signed thereto. Under these circumstances, it can not be said that the act was done by direction of the justice of the peace, in his presence, and under his control.

Plaintiff in error contends, that the court erred in denying her motion for judgment, based upon the ground "that the defendant in error has been guilty of laches." We find no such motion in the record. Nor is there an allegation of laches in the pleadings, and the only mention thereof in the record is an objection by plaintiff in error at the commencement of the trial, to the introduction of any evidence, "for the further reason that the complaint shows that the plaintiff has been guilty of laches," etc. But should we assume that laches would be available as a defense under the facts of this case, and as sought here to be interposed, nevertheless, we think the plaintiff pleaded, and the evidence established, a sufficient

excuse for the delay.—*Smith v. Morrill, supra.*

Upon other questions presented, we do not deem it necessary to express our views at length. Some of them pertain to matters not presented to the court below, while others are upon matters clearly within the discretion of the court, and the judgment, in any event, must be, and accordingly is, affirmed.          *Judgment affirmed.*

Mr. Justice Musser and Mr. Justice Bailey concur.