## No. 13,711.

Garrison *v.* Kansas City Life Insurance Company.
(46 P. [2d] 902)
Decided June 24, 1935.

Mr. L. C. Kinikin, for plaintiff in error.

Messrs. Bryant & Stubbs, for defendant in error.

*In Department.*

Mr. Chief Justice Butler delivered the opinion of the court.

L. P. Garrison sued out a writ of error to a judgment

obtained against him by the Kansas City Life Insurance Company.

J. D. Wilkerson, the insurance company's agent to solicit insurance and collect premiums, took Garrison's application for a $5,000 policy, and received in payment of the initial premium, Garrison's promissory note for $285.55, dated October 26, 1927, payable to the order of Wilkerson on May 1 after its date. Wilkerson endorsed the promissory note and sent it, together with the application, to the insurance company. The policy was issued and delivered to Garrison. The insurance company retained possession of the note and had the note at the time of the trial. On October 12, 1933, the insurance company commenced suit on the note. The answer admitted the execution and delivery of the note in payment of the insurance premium, and pleaded payment of the note. The replication denied payment. The court directed a verdict in favor of the insurance company, a motion for a new trial was denied, and judgment was entered on the verdict.

About two years after the note was given Wilkerson asked Garrison to pay something on the note. Garrison offered potatoes in payment of the note. The offer was accepted by Wilkerson, the price and quantity were agreed upon, and the potatoes were segregated from the other potatoes and placed in a corner of the cellar selected by Wilkerson. Wilkerson, not having possession of the note, gave a receipt for the full amount due. Thereafter the potatoes were destroyed by fire.

The insurance company had not sent the note to Wilkerson for collection, but itself retained possession thereof. But assuming that Wilkerson had authority from the insurance company to collect the note, there is nothing in the record to indicate that Wilkerson had either express or implied authority to accept potatoes or other merchandise in payment of the note.

In directing a verdict for the insurance company, the trial court committed no error.

The judgment is affirmed.

Mr. Justice Burke and Mr. Justice Young concur.