No. 13,536.

McCAFFREY *v.* MITCHELL.
(56 P. [2d] 926)

Decided April 6, 1936.

Mr. Stevens Park Kinney, for plaintiff in error.

Mr. O. A. Johnson, Mr. Harry S. Class, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

The plaintiff in error will herein be referred to as plaintiff, and the defendant in error as defendant.

In May, 1929, plaintiff sold to the defendant certain real property, and as a part of the transaction, defendant gave plaintiff his promissory note for $200 due in two years, secured by a second deed of trust on the premises conveyed, which note is the subject matter of this litigation. Prior to maturity of the note, plaintiff placed it with Feigel, a practicing attorney of Boulder, Colorado,

for collection. Defendant sold the property to one Shinkle who on the trial testified that he assumed the indebtedness, and it appears that prior to the maturity of the note, he paid plaintiff's husband $15 as interest thereon. The note here involved not being paid upon maturity, Feigel, acting for plaintiff, instituted suit thereon in the justice court. Defendant made no appearance, the suit was not prosecuted, and in February, 1933, plaintiff then being represented by another attorney, a letter was addressed to the justice of the peace by the latter requesting its dismissal.

Defendant's Exhibit 1 is an assignment prepared by Feigel in June, 1931, whereby defendant assigned to plaintiff his claim against Shinkle based on the covenant contained in the deed of conveyance from defendant to Shinkle, whereby the latter assumed and agreed to pay the note herein involved. Defendant contends that this assignment was taken by Feigel and accepted in full satisfaction of the note. Feigel testified that the assignment was taken subject to the approval of plaintiff who refused to accept it, whereupon Feigel declined to proceed further and returned the note to plaintiff, who then placed it for collection with Lewis, another attorney, who filed the present suit in the county court of Boulder county in July, 1932. Trial there resulted in a verdict for plaintiff. On appeal by defendant to the district court a verdict was returned in his favor and to review the judgment entered thereon this writ of error is prosecuted.

The pleadings are not complicated. The complaint is in usual form for recovery on a promissory note. The answer set up three separate defenses, namely: That plaintiff orally agreed to look for payment of said note only to the real property; that plaintiff accepted the assignment herein mentioned as payment; and that the prior suit in the justice court was still pending. The replication contained a denial of these defenses. At the trial, upon the evidence, the court dismissed the first and third defenses and submitted the case to the jury upon

the question of the acceptance of the assignment. In so doing it gave as instruction No. 2, the following:

"If you find and believe from a preponderance of the evidence that the plaintiff accepted the assignment, exhibit No. 1 in evidence, in consideration of dismissal of the justice court action and a release of defendant Mitchell from liability upon the note, exhibit A, then and in such case the defendant would not be liable to the plaintiff, and your verdict should be for the defendant. And on the other hand, if you do not find from a preponderance of the evidence that plaintiff accepted said assignment and intended thereby to release defendant from liability on the note, the defendant would still be liable as provided in the note, and your verdict should be for the plaintiff.

"In determining whether or not there was a release of liability on the note, you are instructed that the plaintiff's attorney Feigel had authority, by reason of being such attorney, to dismiss the justice court case, but he would not, in the absence of authority from the plaintiff, have any power to release or discharge the obligation of defendant upon the note. Further, an acceptance by the plaintiff might be either express or implied—express acceptance if she voluntarily accepted the assignment under the conditions it was offered, and implied if from all the circumstances it appears that she intended to ratify the assignment and accepted it as a satisfaction or release of the note."

Plaintiff objects to the last sentence of the second paragraph on the ground that there is no evidence in the case upon which it could properly be based. We so conclude, hence the judgment must be reversed and the cause remanded for a new trial. This being true we deem it advisable to briefly discuss other phases of the case upon which defendant offered proof, denied by the court, and upon which cross-error is assigned.

Defendant was the only witness on the facts of the transaction in his behalf. He offered to testify: That

plaintiff's husband, acting in the capacity of her agent, offered to sell the real property to him for the sum of $1,600; that he made arrangements with the bank to borrow $1,600, and then was advised by the husband that plaintiff would not sell at that price, but wanted $1,800, and it was proposed to defendant that he give the additional note for $200 secured by a second deed of trust on the property; that defendant objected to signing the additional note; that plaintiff's husband, as her agent, agreed with defendant, that plaintiff would not hold defendant personally liable on the note and would look only to the real estate for its payment; that plaintiff had listed the property for sale at $1,600; that defendant signed the $200 note only upon the agreement that he was not to be held personally responsible. This offer was rejected by the court and the defense upon which it was predicated, dismissed. Defendant contends that the assignment herein mentioned was unconditionally accepted by Feigel, the attorney for plaintiff. But it does not appear that any special authority from plaintiff to Feigel was pleaded or that proof was offered of any authority other than that of general authority to collect. Defendant further contends that because neither plaintiff nor Feigel advised him that the assignment had been rejected by plaintiff that an acceptance by plaintiff was implied and defendant's release from liability on the note thereby established. Counsel for plaintiff retained possession of both the original and copy of the assignment from its date until the case was tried in the county court some two years later. This assignment was never delivered to plaintiff and of course she could not be charged with failure to return it. Defendant made no effort to regain possession of his note.

In the absence of special authority, Feigel acted beyond the scope of his employment, if, without authority, he accepted anything except money in discharge of the note, and if he so agreed with defendant, as the latter contends, such agreement was void and not binding upon

472

plaintiff. *Richardson Drug Co. v. Dunagan,* 8 Colo. App. 308, 46 Pac. 227; *Garrison v. Kansas City Life Ins. Co.,* 97 Colo. 149, 46 P. (2d) 902.

■ ■ It is apparent from the record that defendant stood squarely upon the theory that the proposal and acceptance of the assignment by Feigel, and that alone, was binding upon plaintiff. If Feigel was unauthorized in the first instance, and acted beyond the scope of *his* employment, defendant cannot set up his further unauthorized act—that of retaining the assignment without notifying defendant that it had not been accepted—as an implied acceptance. He cannot be held impliedly to have done that which he could not have done expressly. During the period of retention, relied upon by defendant, the note was in the hands of the second attorney for plaintiff, who attempted collection from defendant. The weight of the evidence clearly is in favor of the contention, which is supported by the testimony of plaintiff, her husband, and Feigel, to the effect that there was no acceptance of the assignment, and this outweighs the suggestion of an implied acceptance advanced and relied upon by defendant. The evidence on behalf of defendant in support of an implied acceptance is so weak as to be considered in law no evidence at all. It was error for the trial court to instruct upon a theory not presented.

■ Defendant, by his answer, pleaded a confession and avoidance, and set up the three defenses hereinbefore noted. The substance of the first defense was, that as part of the consideration for the $200 note, plaintiff orally agreed at the time the note was signed by the defendant "that she would look for payment of said note only to the property secured by the said second deed of trust, and would not hold defendant personally liable on said note, but for which agreement defendant would not have entered into the transaction." The defendant offered proof of this oral agreement which was rejected by the trial court and the defense dismissed. This ruling was based upon the proposition that parol evidence is

not admissible to vary the terms of a written instrument. We believe, and so hold, that the ruling was erroneous and requires a reversal of the judgment. On another trial, defendant should be permitted to present this question to the jury by oral evidence.

The exceptions to the parol evidence rule are many and apparently as well settled as the rule itself. It is to be first noted that the controversy here is between payor and payee, the original parties to the note, as distinguished from the case of a holder in due course. Rulings permitting the introduction of evidence under the exception are numerous, in cases where men have inconsiderately placed themselves in the alleged position of defendant in this case. He makes no claim of mistake in the making of his written promise, and where the note on its face bears a consideration, the burden of avoidance of payment rests solely upon defendant. According to defendant's offer of proof, there was neither condition precedent nor subsequent to the making of the note. The question here raised goes to the existence of the note as an actual obligation. The offer is not intended to vary, qualify, contradict, add to or subtract from, the absolute wording of the contract. As confessed by defendant, the note is complete in form, and the offer, which, under all the authorities is admissible, was to show that it had no validity as a binding contract on defendant, and that it never was delivered as an unconditional contract by which defendant was bound according to its terms. It is true that ordinarily a note is prima facie evidence of an obligation, enforceable as to its legal import, but when in the hands of the original payee, the way is always open to the maker to prove circumstances showing that the note never was made or delivered with the intention that it should be binding at all events according to its terms, and he may not be foreclosed from showing that the note in effect is no contract at all.

The fact as to whether or not a parol promise is the inducing cause for the execution of a contract gen-

474

erally is an inference to be drawn from the evidence by the jury. When a party is charged with the commission of an act with a particular intent, he may testify what his intention was; but he cannot testify to the undisclosed purpose of his mind, or declare a mental reservation, the effect of which would be to nullify the express words of his contract. The thoughts and purposes of the maker, not disclosed at the execution of the contract, may not be given to the jury in an attempt to show that the instrument means something other than what is shown on its face.

The entire contract, when in question between the parties, may always be shown, and its incompleteness does not necessarily have to appear on its face. Evidence disclosing the entire agreement always is admissible in order that the court may be placed in the position of the parties in determining the questions involved. *Kessler & Co. v. Parelius,* 107 Minn. 224, 119 N. W. 1069. Many decisions on the exceptions to the parol evidence rule, applicable to the situation here briefly outlined, are to be found, among which are the following by the United States Supreme Court: *Ware v. Allen,* 128 U. S. 590, 9 Sup. Ct. 174; *Burke v. Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816.

The remaining defense urged by defendant rests upon the allegation of a prior suit pending. This refers to the original suit by plaintiff on the $200 note filed against defendant in the justice court. The transcript from that court does not show a dismissal order. A request for dismissal was made by letter from plaintiff's counsel to the justice of the peace, now deceased. It is apparent from the record before us, that for a period of nearly one year no action was taken by either party in that case and that the action was legally discontinued by abandonment. No sufficient reason having been shown for the nonappearance of the parties, it was the duty of the justice of the peace to dismiss the case and in the

event of his failure to do so, a total discontinuance occurred. *Yentzer v. Thayer,* 10 Colo. 63, 14 Pac. 53.

Judgment reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

MR. JUSTICE BOUCK and MR. JUSTICE YOUNG specially concur.

MR. JUSTICE YOUNG, specially concurring.

I concur in the conclusions of the court and in the reasons supporting them as set forth in the opinion of Mr. Justice Holland, but inasmuch as certain cases were cited on rehearing that were not considered when the former decision was rendered, I deem it proper, as its author, briefly to refer to those cases as additional reasons for my present concurrence in the opinion of the court, which in part overrules the holdings of my first written opinion.

In that opinion it was held that the defense interposed by defendant, that is, that the plaintiff agreed to look for payment of the note only to the real property given as security for the note, was insufficient in law. That holding was based on the decision in *Faris v. Beck,* 74 Colo. 480, 222 Pac. 652, which stated a rule, as I read it, contrary to that theretofore announced by our Court of Appeals and subsequently reaffirmed by us in a case which is particularly called to our attention, on this rehearing, namely, *Rock River Co. v. Mountain Finance Corporation,* 94 Colo. 539, 31 P. (2d) 914, where *George v. Williams,* 27 Colo. App. 400, 149 Pac. 847, is cited with approval. This latter case was a suit on a promissory note, and it was held that a contemporaneous parol agreement, that the note was to be paid out of dividends on stock of a certain corporation and not otherwise—no dividends being paid—was a good defense to a suit on the note. The point was decided on the authority of the case of *Roberts v. Greig,* 15 Colo. App. 378, 62 Pac. 574, which was a suit on a promissory note given by certain part-

ners for a copartner's interest in a mine. It was there held that a contemporaneous parol agreement, that the note was to be paid only out of the proceeds from operating the mine, and that there had been no proceeds, was a good defense to the suit on the note.

*Faris v. Beck, supra,* as I view it, without mentioning the Court of Appeals cases, by implication overrules them. One of the defenses in that case was that "both notes were delivered upon the express condition that defendant would not be required to pay them *except out of dividends of the stock so purchased.*" (Italics mine.) On this the court said: "A provision that the note shall not be paid except out of a certain source, varies the note in its paramount and most vital respect. The agreement was oral. As to this defense, therefore, we think the court was right. Wigmore on Evidence, §2443 et seq.; Mumford v. Tolman, 157 Ill. 258."

In *Rock River Co. v. Mountain Finance Corporation, supra,* one of the defenses was that: "The note was given and delivered on condition that it should be paid only by and out of certain dividends which thereafter might be declared and paid to the defendant by the Central Savings Bank and Trust Company of Denver and not otherwise; and that no such dividends were ever declared or paid to the defendant and that said note was so accepted by the plaintiff with knowledge of such condition." In discussing that defense the court said: "Plaintiff's counsel, though apparently not placing much reliance upon his contention, does, however, question the validity of the alleged parol agreement as to the payment of this note. He cites, among other cases, *Randolph v. Helps,* 9 Colo. 29, 10 Pac. 245, and *Morgan v. Howard Realty Co.,* 68 Colo. 414, 191 Pac. 114, as holding that a written contract may not be varied by parol, but the cases he cites are actions upon contracts in general, not actions upon promissory notes. As to contracts of the latter character, ever since 1897, by section 3833 C. L. 1921, as between immediate parties to a promissory note, as is the case now before

us, the delivery may be shown to have been conditional or for a special purpose only, though the rule is otherwise as to other kinds of contracts. This section has been construed by this court and our Court of Appeals in several cases. In *George v. Williams,* 27 Colo. App. 400, the note there considered was absolute in form but Williams pleaded conditional delivery in that there was a parol agreement contemporaneously with the execution of the note to the effect that this instrument would be paid from the maker's share of the dividends of a corporation and not otherwise. This is quite like the condition in this case. The court held the conditional delivery valid and cites many of our previous decisions.''

The opinion in the Rock River case cites among other cases *Wheelock v. Hondius,* 74 Colo. 400, 222 Pac. 404, as authority for its holding. This case recognizes the rule in these words: ''Section 3833 C. L. 1921, provides that as between the immediate parties to a promissory note, delivery may be shown to be conditional, or for a special purpose. It may be shown by oral testimony, but the oral agreement constituting delivery must have been made contemporaneous with, not prior to, physical delivery of the instrument.'' But the final disposition of that case did not involve either an approval or disapproval of the rule, as the case was determined on the question of sufficiency of evidence. The court held that the judgment of the trial court involving a finding that there was an absolute and unconditional delivery of the note was supported by the evidence.

The statement is made in the Rock River opinion that there is no conflict between the rule as announced in that case and the one stated in the Faris-Beck case, and as recognized in the Wheelock-Hondius case. To support this statement the following is quoted from the opinion in the Faris-Beck case: ''Even if valid between him [the defendant] and the company [immediate parties], a point which we need not decide, it could not be valid between him [defendant] and the receiver, who repre-

sents the creditors of the company.'' This quotation is used as though applicable to the note in suit, when in fact it refers to the question of the validity of an agreement between a corporation selling its own stock and the purchaser thereof, that the stock shall be paid for only out of dividends of the corporation. That it was quoted in the Rock River case as applicable to the note is evident from the brackets inserted in the quotation by the writer of the opinion in that case; while a reference to the case of *Bernard v. Sweet*, 74 Colo. 302, 221 Pac. 1093, which is cited by the author of the Faris-Beck opinion as his authority for the statement, shows that the quoted words were used by him as applicable to the question of the validity of the agreement for payment of the stock out of dividends, and is not applicable to the admissibility of evidence as a defense in a suit on the note. When so read the opinion in the Faris-Beck case discloses no attempt by the writer to make any point that the receiver of the corporation, Beck, as the holder of the note, stands in any different position from that of the corporation itself if it were suing on the note. That the receiver, as holder of the note, stands in a different position from that of the corporation is the implication read into it by the Rock River opinion in attempting to show that the Faris-Beck case does not constitute a departure from the rule laid down in the Rock River case and theretofore by the Court of Appeals. As I read the Faris-Beck case, and as I have heretofore stated, it is a departure from such rule. On this point it was overruled by implication by the Rock River case and in my opinion should now be expressly overruled. It may be conceded that there is no sound basis in logic for our holding that parol evidence is admissible to show that payment of a note is to be made out of a special fund, and that it is not admissible to show it is not to be paid at all, as we held in *Welles v. Colorado Co.*, 49 Colo. 508, 113 Pac. 524. Such distinction as there is between these holdings is one in degree or extent rather than in kind, but since that dis-

tinction has been recognized over a long period of years and rights may have come into existence in reliance on such recognized illogical distinction, it should stand and not be changed by a different judicial construction that may jeopardize, but cannot save, existing rights. I am persuaded to this view because the rule as laid down by the Court of Appeals, and in the Rock River case by us, if not technically a rule of property, is analogous thereto. In reliance on such rule, notes may have been executed and delivered, and parol agreements made to their payment out of special funds or on special conditions only, and such persons, if such there be, should not have their rights impaired by the announcement of a contrary rule. If a rule, based on judicial construction of a statute, of long standing and such recent recognition—the abolition of which may be fraught with such consequences—is to be abrogated, it should be done by the legislature, which by appropriate provisions can save such rights as already may have accrued in reliance thereon.

For the additional reasons herein stated, I concur in the opinion of the court.

I am authorized to state that Mr. Justice Burke and Mr. Justice Butler concur in the views herein expressed.

The following concurring opinion was filed May 29, 1936.

Mr. Justice Bouck, specially concurring.

I concur in the judgment now entered, reversing the district court's judgment on the cross-errors of the defendant Mitchell and remanding the case for trial on his first defense. The latter, as I think, sufficiently presents the questions (1) of his being an accommodation maker, (2) of absence of consideration, and (3) of a conditional delivery of the $200 promissory note in question. The trial court will do well to keep constantly before it sections 16, 28 and 29 of the uniform negotiable instruments act, which is our "Negotiable Instruments Law"

adopted in 1897. The sections appear in C. L. 1921 as sections 3833, 3845 and 3846, respectively. The language is plain. There is no need to undertake in this connection a reconciliation of this court's opinions in other cases, in many of which the facts were different and in some of which the express provisions of our statute seem not to have been considered. See: 5 U. L. A. (1930); Brannan's Negotiable Instruments Law, Annotated (5th Edition, 1932).