**Fred V. SHERMAN, Liquidator, First Savings Industrial Bank, Plaintiff-Appellee,**

**v.**

**G.M. SPRENTALL, Defendant and Third-Party Plaintiff-Appellant.**

No. 84CA0620.

Colorado Court of Appeals, Div. II.

Sept. 5, 1985.

Hellerstein, Hellerstein & Shore, P.C., Christian Carl Onsager, John M. Wiegand, Denver, for plaintiff-appellee.

Donald L. Banghart, Lakewood, for defendant and third-party plaintiff-appellant.

VAN CISE, Judge.

Defendant, G.M. Sprentall, appeals from a judgment on a promissory note entered in favor of plaintiff, Fred V. Sherman, Liquidator, First Savings Industrial Bank (the bank). We reverse.

Plaintiff sought judgment on a "disclosure statement, security agreement and note" executed in favor of the bank by defendant in the principal amount of $60,-000. Defendant admitted that he had signed the document but denied that he was liable for payment thereon.

On the morning of trial, during a meeting with counsel in chambers, the trial court indicated that evidence regarding an oral agreement made at the time the note was executed would not be admitted. Thereafter, the parties waived jury trial and proceeded by presenting the matter to the trial court by offer of proof. Defendant's offer indicated that at the time the note was executed, the bank's sole shareholder and president had verbally agreed that defendant would not be obligated to repay the loan.

The trial court ruled defendant's proffered evidence inadmissible. Judgment was entered against defendant for the full amount of the note, accrued interest, and attorney fees. This appeal followed.

I.

Defendant contends that the trial court erred in refusing to admit his proffered evidence concerning the circumstances surrounding execution of the note. We agree.

Where a written document is a complete and accurate expression of the parties' agreement, parol evidence is not admissible to vary or contradict the terms of the document. *Simpson v. Milne*, 677 P.2d 365 (Colo.App.1983). However, as between the obligor and his immediate obligee, "parol evidence is admissible when it goes to the question whether, by agreement of the parties, the instrument itself should be enforceable." *Simpson, supra.* As stated by the court in *McCaffrey v. Mitchell*, 98 Colo. 467, 56 P.2d 926 (1936):

"It is true that ordinarily a note is prima facie evidence of an obligation ... but when in the hands of the original payee, the way is always open to the maker to prove circumstances showing that the note never was made or delivered with the intention that it should be binding at all events according to its terms, and he may not be foreclosed from showing that the note in effect is no contract at all."

Here, the note was in the hands of a representative of the original payee, and the proffered evidence went to the question whether the parties intended the note to be a legally enforceable debt. Therefore, the trial court erred in excluding this evidence.

II.

Because several of defendant's remaining contentions of error are likely to arise on retrial, we will address them here.

A.

Finding that the "disclosure statement, security agreement and note" was an integrated agreement, the trial court

awarded interest thereon at the rate of 21 percent per annum as provided in the disclosure statement portion of the instrument. Defendant contends that this constituted error because the promissory note portion of the instrument did not specify the interest rate. However, the one-page instrument clearly represents a single transaction subject to all the terms contained therein. Thus, the interest rate specified in the disclosure statement, 21 percent per annum, is the applicable rate. Moreover, since no payments had been made on the note, the trial court properly awarded interest at this rate from the time of execution of the note until satisfaction of judgment. *See* § 5–12–102(4)(a), C.R.S. (1984 Cum.Supp.).

### B.

Defendant also contends that the trial court erred in awarding attorney fees which exceeded 15 percent of the principal amount of the note. By the terms of the note, defendant agreed "to pay reasonable attorney fees not in excess of 15 percent of the *unpaid debt* after default." (emphasis added) This same language is contained in § 5–3–404, C.R.S., but "unpaid debt" is not defined therein. However, the meaning and import of this language is plain and free from ambiguity. "Unpaid debt" clearly encompasses the amount of the principal remaining unpaid upon default plus interest accrued thereon. *See Colorado State Civil Service Employees Ass'n v. Love,* 167 Colo. 436, 448 P.2d 624 (1968). The attorney fee award was less than 15 percent of this amount and, therefore, was proper.

### III.

In light of our reversal of the judgment, defendant's contention relative to the denial of his motion for continuance is moot. *See Appel v. Sentry Life Insurance Co.,* 701 P.2d 634 (Colo.App.1985).

The judgment is reversed, and the cause is remanded for new trial consistent with the views expressed herein.

SMITH and STERNBERG, JJ., concur.