Bissell, J.
This judgment which rests on the findings of the court which are amply supported by competent testimony, is assailed on various grounds. None of the positions taken by counsel appear to be tenable. We will first state the issue as formed *378 by the pleadings because the procedure is an object of attack, though the case made by the proof in no wise departs from it but abundantly sustains it.
Tritch brought suit against Byers, Gutsch and Briggs, stating in his complaint that the Denver Hardware Company, a Colorado corporation, on the 15th of April, 1895, made its promissory note, payable ninety days after date for value, to the order of Tritch, at their office, with interest at twelve per cent after maturity. It was further averred that Byers, Gutsch and Briggs signed their names on the back of the instrument before delivery, and then stated the legal conclusion that they thereby became the joint makers of the note. It was further.stated that nothing had been paid on the note which was long past due and the property of the plaintiff. The plaintiff for some reason which is not plain to be seen, stated that the hardware company had made an assignment of all of its property for the benefit of creditors and that the assignee had given bonds, qualified and entered on the discharge of his duties. It was averred that plaintiff had presented his claim to the assignee for allowance, but that nothing had been paid, but that he did not intend thereby to waive any rights. The complaint was verified and the defendants answered, putting their defense into three separate paragraphs. The first denied that the defendants were liable jointly as maker or makers of the note. The second set up that the plaintiff ought not to have his action because the note had been delivered to the plaintiff before their indorsement and that no consideration passed to any of them. The third defense set up the assignment of the hardware company and the proof of the plaintiff’s claim before the assignee which was averred to be an election which concluded him. There, was a replication which as to the first defense was that it did not state facts sufficient to constitute any defense; as to the second, a denial of all the allegations, and as to the third, a denial of the election coupled with a statement that the alleged defense did not state facts sufficient to constitute a defense. The case was set for trial on the plaintiff’s motion. The issue was *379 made up in November and early in that month notice was served that an application would be made to the court to set the case for trial on the merits. This motion was not resisted nor were any steps taken by the defendants with reference to it until the 20th of January when they filed a motion to vacate the order of trial because the case had been prematurely set without the disposition of the issues of- law raised by the ■ answer. On the day of trial the motion was denied and the case proceeded. At this time, the defendants moved, as suggested, to vacate the order and prayed that the cause should be set for hearing on the plaintiff’s demurrers to the answer. The motion was denied. The court did not regard the application as one which called for the vacation of the order setting the cause for trial and no farther application was made respecting this matter. It is insisted on this appeal that it was error for the court to proceed with the trial without the disposition of what is called “ the demurrers of the plaintiff ” to the defendants’ answer. Manifestly the replication of the plaintiff did not take the form of a demurrer, although he could very correctly have demurred to the first and third defense and answered as to the second. Had he pursued this course the code requires that the issues of law shall be disposed of before the trial of questions of fact is proceeded with. Putting the objections into the replication scarcely made that pleading a demurrer, nor as we look at it, was it at all necessary for the plaintiff to have said anything about it. If the plaintiff had simply replied, though whether that was necessary is an open question in the peculiar form in which the issue was presented, he could at the trial have raised the same question which is suggested by the statements that the first and third defenses presented no facts which constituted a sufficient plea by way of bar or abatement. He would thereby have obtained the same advantage for the purposes of attack on the pleading that he enjoyed by putting these matters into his replication. We do not regard the procedure of the trial court as open to objection nor do we concede the procedure to be questionable. In any event it is not one which could *380 operate to reverse the case. It is an immaterial error which occasioned the defendants no harm, and as their pleas were manifestly insufficient in law and the court’s ruling thereon correct, and they were in fact completely.overcome by proof, the judgment must stand. A similar practice seems to have been regarded as unobjectionable by the supreme court. McKee v. Howe, 17 Colo. 538.
Although it is suggested by the defendants’ counsel that he is unadvised that the question has been settled by the appellate courts, it has been our opinion ever since the case of Martin v. Good was decided by the supreme court of the territory in 1873, and affirmed by the supreme court of the United States in 1877 that the liability and status of strangers to negotiable paper who put their names on the back of it prior to its delivery to the payee, or to a bona fide holder, was not an open question. As we understand it that case decides that thereby they in law assume the position of joint makers subject to all the responsibilities attaching to that position, and under the code may be sued either jointly or severally with the comaker. Good, v. Martin, 2 Colo. 218; Good v. Martin, 95 U. S. 90.
We are not unmindful of the fact that the appellants’ counsel with some vigor attack the evidence by which this matter of fact is sustained. We might very easily shelter ourselves behind the very general rule which prevails where the trial judge hears the testimony and determines the facts, but we have read the evidence with considerable care and we see no escape from the conclusion that this note bearing the indorsements of the defendants and appellees was thus executed by all of them prior to the time it was completed and delivered to Tritch. The company wanted money. The note without the name of the payee was evidently prepared and placed in the hands of one Burdette, and possibly, originally, a note payable to his order was prepared and delivered to him to raise money on. It is one of the things known sometimes as a “kiting note” and sometimes as a note made for the purpose of sale. However this may be, the note in *381 suit was ultimately prepared and probably without the name of the payee written in. Burdette then had some dealings with Berlin, who was a person doing that kind of business. He approached Tritch for the purpose of getting the money from him. Just what the discussion was between Tritch and Berlin is unimportant as respects the issue, but in any event Tritch declined to advance the money on the hardware company’s note without some sort of security, and the note was taken back and evidently completed by the insertion of Tritch’s name and the indorsement of these three appellees. It was then taken to Tritch who gave a check for it less the discount. The 'appellees would throw some little suspicion on the question when their names were put on the back of the paper, whether before or after the time Tritch bought it, but the great weight and preponderance of the testimony is with Tritch, who with his son, and Berlin, clearly, plainly, and positively testified that the note bore the indorsements of these three gentlemen when it was brought to him for sale or for the purposes of a loan. It also appears that Tritch had an interview with one of the appellees, Byers, respecting his signature before he paid the money. Those two gentlemen do not quite agree respecting what happened, but it is not necessary to determine which of them is exactly and entirely right in their statement of the interview, because on the main question as to the time when the appellees put their names on the paper there is a great weight and preponderance of positive testimony with the appellee. When this is once settled and the trial court so finds, the responsibility of the appellants is fully fixed.
The statements of Burdette, the broker, were excluded and error is assigned on the ruling. We are unable to see that this was error or that the case ought to be reversed because of it. We are entirely satisfied that neither Burdette nor Berlin was a broker in the sense in which that term is used in the authorities cited. It is unnecessary to discuss the question, or to determine whereon and how far the statements of a broker are admissible against either party or in favor of *382 either. As the questions were put to the witness to ascertain what Burdette said, they were not so put as to make it error to refuse to admit the declarations. The witness stated that the note was delivered to Burdette and he brought it back to the company. The witness was then asked what Burdette said. Clearly this woiild not be admissible, nor could Burdette’s statements be offered in evidence either to support the defendants’ contention, or to maintain the plaintiff’s case unless his declarations were limited to the issue formed by the pleadings which was nakedly as to the time when the appellants and defendants put their names on the note. The question was therefore properly ruled out. The further question as to what he said relative to Triteh’s statements about the note were inadmissible without a limitation of the inquiry to the proposition as to what he said concerning the signatures of the defendants. These questions were not followed by any offer of proof to show what Burdette said and thereby demonstrate that Burdette’s declarations would in any wise bear on the issue. If the ruling of the court had been followed by an offer presenting the points to which the declarations went and showing their relevancy, it is barely possible, though about it we express no definite opinion, the appellants might have been able thereon to predicate error. As the matter now stands it will not warrant the reversal of the case.
The only other proposition to which we need address our attention respects the alleged alteration of the note. The paper was filed in the court with the bill of exceptions and subject to our inspection. We have examined it and it is plain that as originally written the note bore date of the 11th, but as altered it bore date of the 15th. The appellants thereupon complained that it was incumbent on the plaintiff, before he was entitled to recover, to explain the alteration, and possibly, to show that it was done prior to the time it came into his possession and before it had left the control of the defendants. We are cited to many cases which hold that alterations of this description are material and the burden of the *383 explanation is with, the plaintiff, and when a note clearly showing an alteration is offered, the presumption is that it was changed by the plaintiff or by some one in his interests and he may not recover without satisfying the jury on the proposition. We do not intend to enter this wide field, although there are many cases which hold that the presumption is otherwise and the rule is, in the absence of proof, that it shall be presumed the alteration was .made before delivery. This whole subject is discussed in all works on bills and notes and the various authorities pro and con cited. 2 Daniel on Negotiable Instruments, § 1417; Neil, Administratrix, v. Case & Co., 25 Kan. 510.
We prefer to put our decision on what seems to us very plain grounds which relieves us of the necessity to examine these authorities and to express our views respecting the law. We are unable to apprehend that there is any room for the application of the doctrine of presumption, and believe that it is so clearly shown by the proof that the alteration was made prior to the time it was delivered to Tritch that there was a sufficient explanation of the alteration to permit the evidence to go to the court or to the jury without more. As we understand it, when the plaintiff makes an explanation the law is that it then becomes a question of fact for the jury to determine when the alteration was made and by whom and if the plaintiff shall recover. The complaint charged that the note was made by the hardware company on the 15th day of April and bore that date. A copy of it was set up in the complaint which was verified. This under our system proved the note as set out unless its execution should be denied by the answer. The execution of the note by the failure to deny this allegation was thus admitted. This of itself ought to remove any presumption and furnish sufficient basis for the paper to go to the jury or the court. It was supplemented by the positive testimony of Berlin that Tritch’s name was in it as payee, the date was on it, and that it was in exactly the condition in which it was presented to the court except as to the bank stamp. This certainly would make a case for *384 the jury as to the regularity of the note and the time of its alteration, and the jury finding or the court concluding that the note had been executed in its present form and put into circulation bearing that date and in its then condition, the plaintiff could recover. Beyond this when the note was offered in evidence the defendants made no objection to its introduction on this ground, nor was the point raised on the motion for nonsuit. It was only after all this testimony had been offered and the defendants started to proceed with their case that their counsel then said, “ I notice that the date has been altered and I would like to have the plaintiff explain it before I proceed.” If we concede the appellants’ position to be well taken the rule is complied with. There was an explanation sufficient to warrant the introduction of the note. As the court very properly said the defendants could inquire about it and put in evidence concerning it, if they had any defense which would be sustained by such proof. We do not rule on the proposition whether a plea of alteration was essential as it is unnecessary to the decision, but there is enough in the case to shift the burden. It is quite clear the defendants had no evidence to offer because no one was asked about it. If there had been any defense open to them because of this apparent change in the date the very astute counsel who represented them would most undoubtedly have both pleaded and proved it, or if he had been unadvised about it until the time of the trial, he would have been vigorous in the presentation of his proof respecting the alteration.
We are unable to discover any error in the record. The judgment will accordingly be affirmed.

Affirmed.