---

[No. 5677.]

EDMONSTON ET AL. v. ASCOUGH.

1. **Appellate Practice — Cause Not Appealable — Docketed on Error.**

   Where an appeal is taken from a judgment not appealable to the appellate court, but over which it has jurisdiction by writ of error, the appeal will be dismissed, and the cause redocketed on error, in accordance with the statute.—P. 56.

2. **Promissory Notes—Sureties as Joint Makers—Former Rule.**

   Formerly the rule in this state was, that where one put his name upon a promissory note before delivery, as surety for the maker and to give him credit with the payee, his status was that of a joint maker of the instrument.—P. 57.

3. **Same—Negotiable Instruments Law Not Construed—Evidence Decisive.**

   The change, if any, in this regard, affected by the negotiable instruments law, not determined; because, under the evidence in this case, it was clear that the alleged surety intended to become a joint maker.—P. 57.

4. **Same—A Verbal Promise Without Consideration, No Release.**

   A verbal promise, without consideration, to release a joint maker and look to the principal maker alone, did not discharge him from liability.—P. 57.

5. **Same—Refusal of Holder to Sue Principal Maker—Insolvency of Latter—Liability of Co-maker.**

   Nor does a request by such accommodation maker that the holder of the note sue the principal maker, discharge him from liability upon the holder's refusal and the principal maker's subsequent insolvency.—P. 57.

*Error to the County Court of El Paso County.*
*Hon. Robert Kerr, Judge.*

Action on a promissory note by W. D. Ascough against W. A. Edmonston and one Dustin. From a judgment against Edmonston as a comaker of the note, he brings error.      *Affirmed.*

Mr. W. A. Edmonston and Mr. J. N. Richards, for plaintiff in error.

Mr. John R. Watt, for defendant in error.

Mr. Justice Helm delivered the opinion of the court:

The judgment before us was not appealable to this court. The appeal, therefore, has been dismissed and the cause redocketed on error. The court having jurisdiction by writ of error, such proceeding is in accord with the statute.—*D. & R. G. R. R. Co. v. Peterson*, 30 Colo. 79.

The action was against Edmonston and one Dustin upon a promissory note. Edmonston signed the instrument, prefixing the word "surety" to his signature. The judgment is against him as a comaker and primary party to the contract.

The grounds relied on for reversal are: 1st, that Ascough, by verbal agreement, released Edmonston from liability upon the note; 2d, that Edmonston notified Ascough of Dustin's waning financial condition, and requested him to bring suit against Dustin at once; and that Ascough's failure to do so, coupled with Dustin's insolvency, discharged Edmonston from liability.

Both of these objections rest upon the alleged status of Edmonston as a party to the promissory note. It is assumed that prefixing the word "surety" to his signature brought him within the rules or

regulations touching indorsers or guarantors of negotiable paper. But in this regard counsel are mistaken; the word "surety" did not change the nature of Edmonston's liability. His signature was attached at the time the instrument was made and before its delivery; it was written on the face of the note and below the name of the principal maker. If Edmonston did not actually participate in the consideration, we are satisfied from the evidence that he nevertheless intended to assume the responsibility of a joint maker.

We do not consider what the effect would have been under our negotiable instrument law had Edmonston's name been indorsed in blank on the back of the instrument. Prior to the adoption of that law this would have made no difference; he would, even had he signed solely for the accommodation of Dustin, have been regarded as a joint maker.

"If he (defendant) put his name on the back of the note at the time it was made as surety for the maker and for his accommodation to give him credit with the payee * * * he must be considered as a joint maker of the note."—*Rey et al. v. Simpson,* 22 Howard (U. S.) 341; *Good v. Martin,* 1 Colo. 167; *Kiskadden v. Allen,* 7 Colo. 208; *Byers v. Tritch,* 12 Colo. App. 380.

Assuming, as contended, that Ascough stated to Edmonston that he would release him and look to Dustin alone for payment of the note, yet Edmonston was not thereby discharged. Ascough's promise was verbal only, there was no consideration whatever for the same, and being a comaker, Edmonston unquestionably remained liable. Moreover, such liability continued notwithstanding the alleged urgent request that Ascough proceed against Dustin while the latter was solvent. Edmonston should have paid

the note and then have brought suit himself against Dustin for reimbursement.

Holding, as we do, that Edmonston was liable as a joint maker of the instrument, it is not necessary for us to consider his status had the same been that of suretyship. Nor are we now called upon to discuss or distinguish *Martin v. Kehon,* 2 Colo. 615.

The evidence clearly disposes of the claim that the promissory note in this case was actually paid by Dustin; any conflict appearing therein was resolved by the jury in favor of Ascough.

The judgment will be affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.