No. 19,848.

C. E. COUGHLIN, ET AL. *v.* GLENN H. TRUITT.
(367 P. [2d] 350)

Decided December 26, 1961.

Mr. EUGENE O. BIRD, for plaintiffs in error.

Mr. WAYNE C. HODSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties by name.

C. E. Coughlin and his wife Edna sued Truitt for $2,208.39 plus interest as the principal balance of a $2,500.00 note executed jointly and severally by Truitt and J. P. Coughlin, a son of C. E. and Edna Coughlin. At the trial Truitt admitted execution of the note, admitted he received the money and that the proceeds of the loan acually went into property which he at the time of the execution of the note and at the time of the suit still owned. Truitt, however, denied that he owed any part of the note and testified, over objection, that the Cough-

lins had orally renounced the note and had released him from it because their son had been responsible for certain shortages of moneys and parts during the time the son worked for Truitt.

The court entered judgment for Truitt and against the Coughlins based on the parol testimony of Truitt. The sole point relied upon for the reversal of the judgment is that the evidence of the renunciation of the note being oral was not admissible. The Coughlins rely on the Colorado statute, C.R.S. '53, 95-1-122, providing that the renunciation of rights in a negotiable instrument must be in writing or the instrument itself must be delivered up to the person liable thereon. It is admitted that there was no written memorandum of the alleged renunciation of the promissory note. As to the note itself, there were two signed, one which Truitt had and one which was in the possession of the Coughlins.

The court in entering judgment for Truitt and relieving him of any responsibility for payment of the principal balance of the note, basing the judgment solely upon the oral testimony of Truitt, committed error. In *Tisdel v. Bank,* 90 Colo. 114, 6 P. (2d) 912, on the identical question before us here, including a construction of the statute upon which the Coughlins rely, this court held as follows:

"* * * Without conceding that the record warrants the statement that plaintiff had fully settled with and released two of defendants' co-makers, the *evidence of the same was oral,* and there is no contention that the note was delivered to the person primarily liable thereon. The effect of an oral release of liability on a negotiable instrument has never been passed upon in this state although, by reference to the briefs in *Edmonston v. Ascough,* 43 Colo. 55, 95 Pac. 313, we find the question squarely presented. It is doubtful whether the language of the opinion is sufficient to directly determine the point; however, we do find that other courts, in construing a statute identical with ours (sections 3939, C.L.

1921), have held that oral evidence is inadmissible to establish a renunciation or release. *Baldwin v. Daly,* 41 Wash. 416, 83 Pac. 724; *Pitt v. Little,* 58 Wash. 355, 359, 108 Pac. 941; *Portland Iron Works v. Siemens,* 135 Ore. 219, 295 Pac. 463; *Manly v. Beam,* 190 N.C. 659, 130 S.E. 633; *Whitcomb v. Bank,* 123 Md. 613, 91 Atl. 689; *Leask v. Dew,* 102 Appellate Div. (N.Y.) 529. See also: 8 C.J. 615, 616; 3 R.C.L. 1270; Daniel on Negotiable Instruments (6th Ed.), §1290; Joyce's Defenses to Commercial Paper (2d Ed.), §998.

"Oral evidence being inadmissible to establish a renunciation and release, there was nothing in this defense requiring its submission to the jury." (Emphasis supplied.)

The judgment is reversed and the cause remanded to the trial court with instructions to enter judgment for the plaintiffs and against the defendant in the amount of $2,208.39 plus interest at 6% per annum from April 7, 1959, the date from which the balance has been owing.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON concur.