In re the MARRIAGE of Beverly Elaine HARTFORD, Appellee,

and

Leonard Frederick Hartford, Appellant.

No. 79CA0374.

Colorado Court of Appeals,
Div. I.

May 22, 1980.

Marvin Dansky, Westminster, for appellee.

Hochstadt, Straw & Davis, P.C., George M. Straw, Denver, for appellant.

VAN CISE, Judge.

In this dissolution of marriage action, the husband appeals from permanent orders entered regarding division of property, child support, maintenance, and attorney fees. We affirm.

During the 12-year marriage, the husband earned a college degree in engineering and at the time of dissolution, when both parties were in their early thirties, his gross annual income was approximately $20,000 with retirement and other benefits. The wife worked intermittently during the marriage. After the parties' separation, she moved back to South Dakota. She expected to start a job at which she would earn approximately $500 per month gross as a bank teller after a probationary period with hourly pay at minimum wages.

The husband retained custody of the parties' minor child, and the wife was granted an annual 60-day visitation period. The trial court awarded the family residence, the parties' major asset, to the husband and directed him to pay the wife her share of the equity, or $19,000, in monthly installments over a 15-year period at 9 percent interest, which amounted to approximately $192 per month. During the period of separation, the parties had equally divided the household goods and approximately $17,000 in cash. The trial court awarded the wife the newer of the parties' two cars and ordered the husband to continue making the monthly payments which would continue for about six months. The husband received the other car, his insurance and his retirement plan. The husband was also ordered to pay maintenance of $50 per month,

child support of $150 monthly during the wife's two-month visitation together with transportation for the child to and from South Dakota, and certain liabilities, including $925 on the wife's attorney fees and a probable but undetermined tax liability for 1978.

■ It is well established that awards of child support, maintenance, attorney fees, and property division are matters generally within the sound discretion of the trial court and will not be set aside on appellate review in the absence of an abuse of discretion. *See Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972); *In re Marriage of Davis*, 35 Colo.App. 447, 534 P.2d 809 (1975). Here, as we view the record, the trial court's order was based primarily on a comparison of evidence concerning the husband's superior educational background and earning capacity acquired during the marriage, *see In re Marriage of Graham*, 194 Colo. 429, 574 P.2d 75 (1978); *In re Marriage of Anderson*, 37 Colo.App. 55, 541 P.2d 1274 (1975), and the wife's lack of skill and education fully to support herself. In addition, there was evidence that the wife had emotional problems. Contrary to the husband's contention, the award relative to division of assets and liabilities, maintenance, and child support reflects consideration of the factors set forth in §§ 14–10–113(1), 14–10–114, and 14–10–115, C.R.S. 1973. We see no abuse of discretion here.

■ At the hearing the wife's attorney fees were treated the same as any other bill. The wife testified that she owed her attorney $1,000 in addition to $825 already paid, and the $1,000 debt figure appeared in her affidavit with respect to financial affairs. The husband was examined concerning the Master Charge, credit union, estimated tax, and attorney bills. The court then determined which party should pay which bill, and in the process ordered the husband to pay $925 of the attorney's bill. The question of reasonableness was not raised at the hearing, and therefore is not properly an issue on appeal. *See In re*

*Marriage of Nichols*, 38 Colo.App. 82, 553 P.2d 77 (1976).

Judgment affirmed.

PIERCE and KIRSHBAUM, JJ., concur.