**NEW SHERIDAN HOTEL & BAR, LTD., Plaintiff-Appellant,**

v.

**COMMERCIAL LEASING CORPORATION, INC., a Colorado corporation, Defendant-Appellee.**

No. 81CA0142.

Colorado Court of Appeals, Div. I.

April 29, 1982.

Hamilton, Hamilton, Shand & McLachlan, P.C., Michael E. McLachlan, Durango, for plaintiff-appellant.

Kent F. Williamson, Cortez, for defendant-appellee.

COYTE, Judge.

Plaintiff appeals from the entry of a judgment denying relief on its complaint and the entry of a judgment against plaintiff on defendant's counterclaim. We affirm.

Marketing Department, Inc., (Marketing) was in the business of selling telephone systems. It would contract and complete the installation of the equipment under a lease purchase agreement in the lessee's place of business, and then find a company to purchase the installed equipment under the lease agreement.

Defendant, Commercial Leasing Corporation, Inc., (Leasing) was organized for the

purpose of acquiring and leasing already installed telephone equipment.

Plaintiff contracted with Marketing to install a telephone system in its new hotel. After the system had been installed, Marketing sold the equipment to Leasing who then entered into a new lease with plaintiff. Thereafter, plaintiff complained that the equipment did not operate properly as was represented, and that it was not properly installed. It then filed suit seeking rescission of the leasing agreement. Leasing answered denying that it was liable for any representations made by Marketing to plaintiff. It also filed a counterclaim alleging that plaintiff was in default under the leasing agreement and sought to accelerate the payments required under the lease and to recover attorney fees as provided in the lease agreement.

The trial court found that there was no working relationship between Marketing and Leasing, that Leasing was not responsible for the installation of the telephone equipment, and that plaintiff was in default under the lease. Consequently, it ordered acceleration of the lease payments and payment of attorney fees.

Plaintiff first contends that the evidence fails to support the findings of the trial court that there was not such a close relationship between Leasing and Marketing as would make Leasing liable to plaintiff for representations made by Marketing. We disagree.

■ Before one corporation may be held liable for the acts of another corporation, there must be such a close relationship between the two companies that one is, in essence, an instrumentality of the other. *Fish v. East*, 114 F.2d 177 (10th Cir. 1940). The factors which enter into this determination include, *inter alia* : stock ownership of one corporation by the other; management decisions by the one corporation for the other; and the amount of business which one company has apart from its business with the other. *Fish v. East, supra.*

■ Here, the trial court found that Lewis, the vice president and operating manager of Leasing, was not involved with Marketing and did not participate in any management decisions of Marketing and that neither company had any ownership interest in the other. The court thus found that Leasing was not responsible for any representations or warranties made by Marketing to plaintiff corporation. The record supports these findings, and they are therefore binding on us on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

■ Plaintiff next contends that the trial court erred in accelerating payments due under the terms of the lease. We disagree. The record is clear that plaintiff failed to make the payments as required in the lease agreement, was in default, and had been notified of the default. Defendant was thus entitled to accelerate the contract in accordance with the lease agreement. *Smith v. Certified Realty Corp.*, 41 Colo. App. 170, 585 P.2d 293 (1978).

Plaintiff also contends that there is no evidence of the time expended by Leasing's counsel so as to entitle counsel to the fees awarded by the court.

■ At the conclusion of the trial, the parties stipulated as to a reasonable hourly rate for Leasing's counsel's fees. Since the trial court took the matter under advisement, it was stipulated that plaintiff's counsel would notify the trial court if he objected to the amount of fees claimed by Leasing's counsel. The record does not show any objection to the amount of fees claimed. The trial court held that it was reasonable that one-half of the fees incurred by Leasing was in defending against the action brought by plaintiff and the other one-half was incurred in enforcing the terms and conditions of the rental agreement which provided for attorney fees. The trial court accordingly awarded defendant one-half of his claimed attorney fees. Since no objection was timely made, the plaintiff has no basis to complain as to the amount of attorney fees awarded to defend-

ant. *Wickland v. Snyder*, 39 Colo.App. 403, 565 P.2d 976 (1977).

Plaintiff also objects to the trial court's refusal to introduce into evidence certain exhibits. All the exhibits in question were conditionally received during the trial as being material only if and in the event the court found that Leasing would be liable for the misrepresentations made by Marketing. When it found that there was no evidence to establish any liability by defendant to plaintiff on the installation of the equipment, the exhibits became immaterial and were properly refused by the trial court.

Judgment affirmed.

VAN CISE and TURSI, JJ., concur.