**In re the MARRIAGE OF Jennie L. KRISE, Appellant,**

**and**

**Warren D. Krise, Appellee.**

**No. 82CA0578.**

Colorado Court of Appeals, Div. II.

Feb. 10, 1983.

Susan M. Lach, P.C., Fort Collins, for appellant.

March, Myatt, Korb, Carroll & Brandes, Joseph T. Carroll, Jr., Fort Collins, for appellee.

SMITH, Judge.

In this dissolution of marriage action, Jeanie L. Krise appeals from permanent orders entered regarding child support and maintenance. We affirm.

Upon completion of the hearings in this matter, the trial court awarded wife a total of $845 a month in child support and maintenance. On appeal, she contends that the evidence supported an award of $1,450 a month, and that the trial court abused its discretion by requiring that appellant apply income earned upon her share of the property settlement toward her living expenses. These arguments are without merit.

Awards of child support and maintenance are matters generally within the sound discretion of the trial court and will not be set aside on appellate review in the absence of an abuse of discretion. *In re Marriage of Hartford,* 44 Colo.App. 303, 612 P.2d 1163 (1980). The relevant factors to be considered by the trial court in determining maintenance and support are set forth in §§ 14–10–114 and 14–10–115, C.R.S.1973. Our review of the record reveals, contrary to wife's contention, that the award relative to child support and maintenance reflects consideration of the factors set forth in the statutes. Therefore, we see no abuse of discretion here. *See in Re Marriage of Jones,* Colo., 627 P.2d 248 (1981).

In response to appellant's contention that the trial court improperly considered the income producing potential of property she received in the property settlement, we need only quote from § 14–10–114, C.R.S. 1973, as follows:

"(2) The maintenance order shall be in such amounts ... as the court deems fit ... after considering all relevant factors including:

(a) The financial resources of the party seeking maintenance including marital property apportioned to [her] ...."

No abuse of discretion being apparent, the judgment is affirmed.

PIERCE and TURSI, JJ., concur.