**METRO NATIONAL BANK,**
Plaintiff-Appellee,

v.

**Ted S. ROE, Defendant-Appellant.**

No. 83CA0008.

Colorado Court of Appeals,
Div. I.

Dec. 1, 1983.

Hellerstein, Hellerstein & Shore, P.C., Martin H. Shore, Lyle L. Boll, Denver, for plaintiff-appellee.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., David J. Hahn, John W. Smith, Mi-

chael S. Rennich, Denver, for defendant-appellant.

ENOCH, Chief Judge.

After trial to the court, a judgment on a promissory note was entered in favor of plaintiff, Metro National Bank. Defendant, Ted Roe, appeals, and we affirm in part and reverse in part.

Metro sought judgment on the note, executed in its favor by Roe as sole maker, in the principal amount of $100,000. Roe admitted that he had executed the note; that he had received consideration therefor, that it was due and unpaid, but denied that he was liable for payment.

At trial, Roe argued that he executed the note as a convenience to and at the request of Metro, in order that the loan proceeds he received in exchange for the note could be used to cover two overdrawn bank accounts of third parties who could not themselves qualify for a loan. Hence, he offered to prove the existence of the circumstances surrounding his execution of the note and the use he had made of the proceeds. In addition, Roe offered to prove that at the time the note was executed, Metro's president verbally agreed that the third parties were primarily responsible for repayment and that Metro would look to Roe only after having first pursued those third parties. Roe also offered to prove that this agreement was "affirmed" by Metro after execution of the note.

The trial court ruled Roe's proffered evidence inadmissible, determining that even if the circumstances revealed by the evidence were true, they would not constitute a defense to his liability as maker of the note. Judgment was entered against Roe for the full amount of the note, accrued and unpaid interest, and for attorney's fees.

## I. Parol Evidence

Roe initially contends that the trial court erred in refusing to allow him to introduce his proffered evidence concerning the circumstances surrounding execution of the note and the parties' contemporaneous oral agreement regarding payment by third parties. He argues that his evidence was not intended to vary or contradict the express terms of the note, but was for the purpose of showing that the note was neither an integrated instrument nor the entire agreement of the parties. We find no error in the court's ruling.

As between the obligor and his immediate obligee, parol evidence of a contemporaneous oral agreement may be admissible if its effect is not to vary the terms of the writing and if its admission is necessary to disclose the entire agreement between the parties. *McCaffrey v. Mitchell*, 98 Colo. 467, 56 P.2d 926 (1936). Nonetheless, the tendered evidence must be such that, if true, it would constitute a defense to the maker's *prima facie* obligation to pay the note according to its terms. *McCaffrey v. Mitchell, supra; Simpson v. Milne*, 677 P.2d 365 (Colo.App.). *See also* §§ 4-3-413(1), 4-3-307(2), C.R.S.1973. Where, as here, the parol evidence is offered only to·show that the maker was to be considered secondarily liable on the note and does not unconditionally release him from all liability, the rejection of such evidence is proper.

We also reject Roe's contention that the trial court erroneously precluded him from showing that Metro had released him of his liability through "conversations" held subsequent to execution of the note. A renunciation of rights in a negotiable instrument must be either in writing or by the delivery or surrender of the instrument to the party to be discharged. Section 4-3-605, C.R.S.1973; *Coughlin v. Truitt*, 149 Colo. 26, 367 P.2d 350 (1961). Hence, testimony of an oral release, the only evidence tendered by Roe, was insufficient as a matter of law to establish the claimed defense and was properly excluded.

## II. Attorney Fees

Roe further contends that the trial court erred in awarding Metro attorney fees under the provisions of the promissory note,

which provided for "reasonable attorney fees," because no evidence was presented to support the trial court's finding that the attorney fees incurred by Metro were reasonable. We agree.

■ Initially we address Metro's contention that because Roe first raised the attorney fees issue in his motion for new trial, the issue was not preserved for appeal. We have held that where the question of the reasonableness of the attorney fees was not raised at the trial or hearing, it is not properly an issue on appeal. *See In re Marriage of Hartford*, 44 Colo.App. 303, 612 P.2d 1163 (1980); *see also New Sheridan Hotel & Bar, Ltd. v. Commercial Leasing Corp.*, 645 P.2d 868 (Colo.App. 1982). However, where, as here, after trial to the court, the party argues that there is insufficient evidence to support the trial court's factual finding of reasonableness and the issue was properly raised in a motion for new trial, the question is properly before the court on appeal. *See* C.R.C.P. 52(b).

■ The burden of proving the reasonableness of the attorney fees was on Metro, *see Hartman v. Freedman*, 197 Colo. 275, 591 P.2d 1318 (1979), and Metro failed to present any evidence on the issue of reasonableness. Therefore, the trial court, as a matter of law, erred in finding that the attorney fees were reasonable and in awarding those fees to Metro. *Stevens v. Liberty Loan*, 161 Colo. 312, 421 P.2d 732 (1966); *Waterman v. Sullivan*, 156 Colo. 195, 397 P.2d 739 (1964).

Judgment is affirmed as to Roe's liability on the note including interest but reversed with respect to the award of attorney fees. The cause is therefore remanded to the trial court with directions to deduct from the judgment the amount of attorney fees awarded to Metro.

STERNBERG and BABCOCK, JJ., concur.