**In re the MARRIAGE OF Susan B. MENU, Appellee,**

**and**

**Philippe H. Menu, Appellant.**

**No. 84CA0763.**

Colorado Court of Appeals, Div. II.

April 17, 1986.

Mangan & Katz, Thomas J. Mangan, Denver, for appellee.

Law Offices of Jay Stuart Radetsky, Jay Stuart Radetsky, Denver, for appellant.

STERNBERG, Judge.

In this dissolution of marriage action, the husband appeals an order increasing child support. We affirm.

The marriage of the parties was dissolved in May 1980. The dissolution decree incorporated an agreement between the parties which provided, *inter alia,* that husband was to pay monthly $750 for child support for the three children of the parties and $250 for maintenance. However, these terms of the decree were not followed by the parties. Instead, they made an informal agreement between themselves which, in August 1982, was reduced to writing.

The subsequent agreement, when reduced to writing, provided that whichever party, husband or wife, managed a restaurant in which the husband had a one-half interest, that person would deposit the salary from the business to cover the expenses of each household. The written agreement was prepared by the wife's attorney, and was presented by the wife to the husband. Both parties signed the agreement, and it was filed with the court, but no order was entered adopting or approving the agreement.

Pursuant to that agreement, the wife managed the restaurant and the husband and the three children of the parties moved to Aspen, where the parties had previously lived. The wife drew a gross salary of $3,000 per month from the business, and the husband received $1,000 in interest per

month from the business. Both sums were deposited into the wife's account, and she used the money for support of herself and the husband and children in Aspen. The husband was also employed part-time in a remodeling business in Aspen.

In August 1983, the wife terminated her position as manager of the restaurant, and the husband assumed that position. The wife sought to enforce the 1982 agreement asserting that she was entitled to $3,000 monthly as child support, and to this end, she obtained *ex parte* a judgment for arrearages, including unpaid maintenance due under the original agreement incorporated in the dissolution decree.

In January 1984, the husband filed a "Motion for Modification of Order" in which he requested the court to enter an order either "rescinding the purported agreement of August 7, 1982, or ... clarifying the court's previous orders ... or entering a new order based upon the present circumstances of the parties." A hearing was held on this motion and on the wife's claims for arrearages, at the conclusion of which the court ordered the husband to pay $2,000 monthly as child support, plus one-half of the children's tuition expenses in a private school for the balance of the year 1984. The court also vacated the judgment for arrearages and made no award of maintenance.

On appeal, the husband argues that there had not been a "showing of changed circumstances so substantial and continuing as to make [the terms of the original order] unconscionable" as required by § 14–10–122(1), C.R.S. We do not agree.

■ In response to a question by counsel, the court stated that it was modifying the original order, thus indicating it was proceeding under § 14–10–122(1). Furthermore, neither party had ever followed the original order: neither the maintenance nor was the child support provision was followed. Instead, the parties made their own agreement, and operated under it for several years. Under such circumstances, we conclude that the actions of the parties in abandoning the original order, and in pro-

ceeding under their own agreement, constitutes a change in circumstances of the type contemplated by § 14–10–122(1). Hence, it was appropriate for the trial court to modify the child support provision specified in the original decree.

■ The husband contends, nevertheless, that the order for him to pay $2,000 per month child support cannot stand because his income is insufficient to warrant so high a payment. Considering the husband's salary from the restaurant, the $1,000 monthly interest payment due him, his income potential from houses owned and remodeled, and his potential income from catering work, we cannot say that the trial court abused the broad discretion with which it is imbued in matters of this type. *See In re Marriage of Krise*, 660 P.2d 920 (Colo.App.1983).

Our conclusion in this regard is also supported by consideration of the high standard of living both of these parents chose for their children. *See In re Marriage of Kline*, 671 P.2d 1345 (Colo.App.1983).

The judgment is affirmed.

SMITH and BABCOCK, JJ., concur.