742 P.2d 962 (1987)
In re the MARRIAGE OF Bruce F. FEST, Appellant, and
Baerbel M. Fest, Appellee.
No. 85CA0221.
Colorado Court of Appeals, Div. III.
Decided April 9, 1987.
Rehearing Denied May 14, 1987.
Certiorari Denied September 8, 1987.
Martin and Snyder, E. Gregory Martin, Boulder, for appellant.
Barbara A. Stark, Denver, for appellee.
Certiorari Denied (Appellant) September 8, 1987.
STERNBERG, Judge.
Following an eight-day trial in this dissolution of marriage case, the court divided the substantial assets of the parties, denied the claim of Baerbel M. Fest (the mother) for maintenance and attorney fees, and gave custody of their five-year-old daughter to Bruce F. Fest (the father). In awarding custody, however, the trial court ordered that the child spend approximately fifty percent of her time with each parent. The court then ordered the father to pay child support to the mother, the noncustodial parent, thus posing the determinative issue in this appeal: May an award of child support to a noncustodial parent be made under the Uniform Dissolution of Marriage Act? We conclude that it may and, therefore, affirm.
The father contends that a custodial parent may not be ordered to pay support to the noncustodial parent. He argues that the custodial parent's obligation is to pay for the necessary living expenses of the child, and therefore, that parent may not be ordered to make payments to the noncustodial parent for such expenses. We do not agree.
Our conclusion is based primarily on the provisions of § 14-10-115(1), C.R.S., which provides in pertinent part:
"In a proceeding for dissolution of marriage... the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support...." (emphasis added)
There is nothing in this language to prohibit an order such as was entered by the trial court in this case. The needs of the child are of paramount importance in determining child support obligations under this statute. We perceive of no reason in logic or law for prohibiting a court from awarding child support to a noncustodial parent to cover that parent's expenses necessitated by visitation with the child if such payments are determined to be necessary to satisfy the needs of the child. See 9A Uniform Laws Annot., Matrimony, Family & Health Laws § 309 (1979) (Commissioner's Comment); see also County of Clearwater v. Petrash, 198 Colo. 231, 598 P.2d 138 (1979); In re Marriage of Hartford, 44 Colo.App. 303, 612 P.2d 1163 (1980).
The father also asserts that, even if an award is permissible, the amount ordered to be paid here was excessive. However, *963 a transcript of the proceedings has not been ordered or filed. Absent such a record, we will presume that there was adequate factual basis for the amount of the trial court's award. Oman v. Morris, 28 Colo.App. 124, 471 P.2d 430 (1970).
The judgment is affirmed.
VAN CISE and SILVERSTEIN,[*] JJ., concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of the Colo.Const., art. VI, Sec. 5(3), and § 24-51-607(5), C.R.S. (1982 Repl. Vol. 10).